**Jermaine Donte MURPHY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–05–00207–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted June 14, 2006.

Decided July 13, 2006.

Jason D. Cassel, The Cassel Law Firm, PC, Longview, for appellant.

Charles C. Bailey, Dist. Atty., David Colley, Asst. Dist. Atty., Mt. Pleasant, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Jermaine Donte Murphy appeals his conviction for possession of a controlled substance, namely cocaine, in an amount greater than four hundred grams. The State charged Murphy with two offenses arising out of a traffic stop. In addition to possession of a controlled substance, Murphy was charged with possession of drug paraphernalia in justice court. Before tri-

al on the possession of a controlled substance charge, Murphy filed a motion to suppress and a motion to dismiss the indictment based on the doctrine of collateral estoppel. Murphy alleged he had been acquitted of possession of drug paraphernalia and the justice court found the State failed to prove reasonable suspicion for the detention. After the trial court denied the motions, Murphy pled guilty to possession of a controlled substance. A jury assessed punishment at ten years' imprisonment. Murphy's sole issue on appeal is whether the trial court erred in denying the motion to suppress evidence and the motion to dismiss the indictment based on collateral estoppel. We affirm the judgment of the trial court.

### BACKGROUND

Charles Cannon, a state trooper with the Texas Department of Public Safety, stopped Murphy on Interstate 30 in Titus County for exceeding the speed limit. Cannon testified that he "clocked" Murphy traveling at seventy-three miles per hour along a section of the interstate with a sixty-five-mile-per-hour speed limit. During the traffic stop, Cannon detected a strong odor of marihuana emanating from the vehicle. Murphy consented to a search of his vehicle, which discovered a cigar suspected of containing marihuana, a small bag of marihuana, and approximately a kilogram of cocaine. Cannon ticketed Murphy for possession of drug paraphernalia and arrested Murphy for possession of a controlled substance, the cocaine.

On June 14, 2005, the trial court held a pretrial hearing concerning Murphy's motion to suppress and motion to dismiss the possession of a controlled substance charge. At the hearing, Murphy introduced a judgment of acquittal on the drug paraphernalia charge by the justice court, Place 1 of Titus County. In the judgment,

the justice court found there was no evidence Murphy was speeding. Both sides agree that Cannon failed to appear for trial in justice court,[1] but the State contends the case was dismissed and did not proceed to trial. In support of this argument before the trial court, the State introduced the testimony of Judge Leo Schakel, the Justice of the Peace who signed the judgment of acquittal. Judge Schakel testified that, although he did not remember this case, he believed the case was dismissed because his clerk noted "dismissed in court" on the back of the ticket. The district court denied the mo-

tion to suppress and motion to dismiss the indictment.

■■■ According to Murphy, the evidence should be suppressed[2] because the issue of whether Cannon legally detained Murphy was litigated in justice court. Because the justice court found there was no evidence of speeding, Murphy contends the fact issue of whether he was exceeding the speed limit cannot be relitigated.

■■■ Collateral estoppel, or issue preclusion, in the criminal context has its origins in the Double Jeopardy Clause.[3]

---

1. Cannon testified at the suppression hearing in this case that he did not testify in the drug paraphernalia case.

2. A law enforcement officer may lawfully stop and detain a person for a traffic violation committed in the presence of the officer. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim.App.1992); *Zervos v. State*, 15 S.W.3d 146, 151 (Tex.App.-Texarkana 2000, pet. ref'd). "A routine traffic stop resembles an investigative detention." *State v. Cardenas*, 36 S.W.3d 243, 246 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and its progeny, the police must be able to articulate specific facts that support a reasonable suspicion that the suspect is engaging in, or is about to engage in, criminal activity. " '[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' " *Davis v. State*, 947 S.W.2d 240, 242 (Tex.Crim.App.1997).

The only justification for the detention offered by Cannon was that Murphy was exceeding the speed limit. If the State is bound by the justice court conclusion there was no evidence of speeding, the evidence obtained from the subsequent search must be suppressed. Under the exclusionary rule, evidence obtained in violation of the Fourth Amendment shall not be admitted against the accused. U.S. Const. amend. IV; *see Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *see also* Tex.Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). The defendant "has

a right, entirely apart from guilt or innocence, not to be convicted with illegally obtained evidence." *Pierce v. State*, 32 S.W.3d 247, 253 (Tex.Crim.App.2000).

3. We recognized there is some authority that Texas recognizes collateral estoppel under the common law in addition to collateral estoppel under the Double Jeopardy Clause. *See e.g.*, *State v. Aguilar*, 947 S.W.2d 257, 259–60 (Tex. Crim.App.1997); *State v. Brabson*, 976 S.W.2d 182, 183 (Tex.Crim.App.1998); *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex.Crim. App.1986); *State v. Rodriguez*, 11 S.W.3d 314, 322 (Tex.App.-Eastland 1999, no pet.); *State v. Ayala*, 981 S.W.2d 474, 477 (Tex.App.-El Paso 1998, pet. ref'd); *Ex parte Gregerman*, 974 S.W.2d 800, 803 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Ex parte Serna*, 957 S.W.2d 598, 601–02 (Tex.App.-Fort Worth 1997, pet. ref'd); *Ex parte Pipkin*, 935 S.W.2d 213, 215–16 (Tex.App.-Amarillo 1996, pet. ref'd); *Manning v. State*, 870 S.W.2d 200, 203 (Tex.App.-Eastland 1994, pet. ref'd). In his brief, Murphy only cites cases concerning collateral estoppel under the Double Jeopardy Clause. At oral argument, though, Murphy asserted his argument was premised on both the common law and the Double Jeopardy Clause. However, Murphy did not cite any cases or advance any arguments to the trial court concerning common-law collateral estoppel. Therefore, collateral estoppel under the common law is not preserved for our review. Tex.R.App. P. 33.1. Even if preserved, Murphy fails to cite any cases or advance any arguments on appeal concerning common-law collateral estoppel. Therefore,

*See Ashe v. Swenson,* 397 U.S. 436, 445–46 n. 10, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). However, double jeopardy and collateral estoppel are not identical doctrines. *Ex parte Watkins,* 73 S.W.3d 264, 267 (Tex. Crim.App.2002). Under the doctrine of collateral estoppel, once an issue of ultimate fact has been determined by a valid final judgment, that fact cannot be relitigated between the same parties in any future proceeding relating to the same incident. *Ashe,* 397 U.S. at 445–46, 90 S.Ct. 1189; *see Dowling v. United States,* 493 U.S. 342, 348, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *Shaffer v.State,* 477 S.W.2d 873, 875 (Tex.Crim.App.1971). The doctrine of collateral estoppel is based on the policy to avoid requiring a defendant "from having to 'run the gantlet' [sic] a second time." *Ashe,* 397 U.S. at 446, 90 S.Ct. 1189. Collateral estoppel should provide broader protection than double jeopardy. *See Ex parte Taylor,* 101 S.W.3d 434, 440 (Tex.Crim.App.2002). The State argues the issue of speeding was not litigated, the drug paraphernalia case was dismissed,

the drug paraphernalia case is not final, and the ruling on the motion to suppress is not an essential element of the offense.[4]

We conclude the State did not rebut the presumption the justice court's judgment was valid, the issue of reasonable suspicion was litigated, and the prior proceeding was final. However, collateral estoppel does not apply to this case because the justice court's ruling on speeding was not a ruling on an essential element of the offense. Therefore, the trial court did not abuse its discretion in denying the motion to suppress and motion to dismiss.

## THE STATE FAILED TO OVERCOME PRESUMPTION JUSTICE COURT'S JUDGMENT WAS VALID

 The first issue in this case is whether Murphy's drug paraphernalia charge resulted in an acquittal or a dismissal. The justice of the peace signed a findings of fact judgment of acquittal, which the defense introduced into evidence.[5] The signed judgment provided as follows:

this issue, if assigned for our review, is inadequately briefed. *See* TEX.R.APP. P. 38.1. We will limit our analysis to collateral estoppel under the Double Jeopardy Clause.

4. We note the State also argues the trial court did not abuse its discretion in denying the motion to suppress because the evidence supports its conclusion that Cannon had reasonable suspicion to detain Murphy. Murphy, though, does not challenge the evidence concerning whether Cannon had reasonable suspicion to detain him pursuant to a traffic stop. Because Murphy limited his challenge to the issue of whether collateral estoppel applies, there is no need to address whether the state trooper had reasonable suspicion to detain Murphy based on his observation that Murphy was exceeding the speed limit.

5. We note Murphy was required to submit a sufficient record to determine what facts were "necessarily decided." In *Guajardo,* the Texas Court of Criminal Appeals reversed the Corpus Christi Court of Appeals because of an

insufficient record. "The burden is 'on the defendant to demonstrate, by examination of the record of the first proceeding, that the issue he seeks to foreclose was actually decided in the first proceeding.' " *Guajardo v. State,* 109 S.W.3d 456, 460 (Tex.Crim.App.2003); *see State v. Groves,* 837 S.W.2d 103, 106 (Tex. Crim.App.1992); *cf. Guajardo v. State,* 24 S.W.3d 423, 425 (Tex.App.-Corpus Christi 2000), *rev'd on other grounds,* 109 S.W.3d 456. This case is distinguishable from *Guajardo.* In *Guajardo,* the defense failed to introduce the record or any documents at all. *Guajardo,* 109 S.W.3d at 460. Further, *Guajardo* was a jury trial. *Id.* This case was a bench trial and the defense introduced a judgment with specific findings of fact. The purpose of the sufficient record requirement is to allow the court to determine what facts were "necessarily decided" since a jury does not issue findings of fact. *See Ex parte Guinther,* 982 S.W.2d 506, 509 (Tex.App.-San Antonio 1998, no pet.). Here, we have findings of fact which specifically find the disputed factual finding.

On the 17th day of November, 2004 this case came to be heard. The State and Defendant announced ready for trial.

## I.

The Defendant waived his right to a jury and proceeded to have a trial before the court.

## II.

The Defendant was cited for possession of drug paraphernalia on or about January 31, 2004 by DPS Trooper Charles Cannon as demonstrated by the attached copy of the citation G044135 in Titus County, Texas. (Exhibit A)

## III.

The State failed to produce evidence of speeding on January 31, 2004 that gave rise to the stop and search of the defendant and the vehicle he was driving. The State failed to produce evidence that the defendant consented to the search of the vehicle he was driving on January 31, 2004. Furthermore, the State failed to produce evidence that affirmatively linked the defendant with the alleged drug paraphernalia.

## IV.

Because there was no evidence produced that there was probable cause to stop the defendant, that the defendant consented to a search of his vehicle or that affirmatively linked the defendant to the alleged drug paraphernalia, the defendant is hereby acquitted.

Although Judge Schakel testified he did not remember this case or whether the officer appeared for trial, he also testified he believed the case was dismissed.[6] Judge Schakel testified his clerk wrote "dismissed in court" on the back of the ticket and that "about the only time" he dismisses a case is if the officer fails to show up. When asked if it was possible the case went to trial, Judge Schakel testified the case "wouldn't have gone that far" if the officer failed to appear. Judge Schakel did admit, though, that the State did not file a motion to dismiss[7] and that the signature on the judgment was his signature.

 Provided a judgment is valid on its face, there exists a presumption that the judgment was correct. 48 TEX. JUR.3D *Judgments* § 303 (1998); *see Thompson v. State*, 108 S.W.3d 287, 292 (Tex.Crim.App. 2003). Further, written orders generally control over oral statements. *See Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim.App. [Panel Op.] 1980); *Ablon v. State*, 537 S.W.2d 267, 269 (Tex.Crim.App. 1976); *Jackson v. State*, 720 S.W.2d 153, 158 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd); *Henderson v. State*, 681 S.W.2d 173 (Tex.App.-Houston [14th Dist.] 1984, pet. ref'd); *Harper v. State*, 675 S.W.2d 529 (Tex.App.-Houston [14th Dist.] 1983,

---

**6.** The admissibility of Judge Schakel's testimony is not preserved for our review. Although Murphy objected to Judge Schakel's testimony, the objection was not based on the prohibition of extrinsic or parol evidence concerning a collateral attack on the judgment. Murphy's objection was limited to the lack of personal knowledge of Judge Schakel when Judge Schakel admitted he did not remember this particular case. The trial court overruled the objection concluding the testimony would relate to Judge Schakel's custom or habit. A timely, specific objection must be made to preserve an issue on appeal. TEX.R.APP. P. 33.1; *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

**7.** In general, a trial court is without authority to dismiss a case except on a motion to dismiss by the State. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App.1991); *see* TEX.CODE CRIM. PROC. ANN. art. 32.02 (Vernon 2005).

pet. ref'd). The State's evidence failed to rebut the presumption of validity.

## THE ISSUE OF REASONABLE SUSPICION HAD BEEN LITIGATED

The State argues, because no evidence was presented in the justice court, nothing was litigated. We disagree. The fact that a party wholly fails to meet its burden of proof does not prevent an issue from being litigated. The issue is whether the State had an opportunity to present evidence on the issue and whether the issue was determined by the fact-finder.

The State cites *State v. Approximately $2,000,000.00 in United States Currency*, 822 S.W.2d 721, 725 (Tex.App.-Houston [1st Dist.] 1991, no writ), in support of its argument that the issue was not litigated at the trial level. In that case, the First District Court of Appeals held that, because the prior suit was dismissed for want of jurisdiction, it was clear the actual owner of the property was not determined. *Id.* This case presents an entirely different scenario. The judgment clearly indicates the issue of speeding was decided.

 Simply because the State has evidence proving the result of the justice court was erroneous, does not prevent the issue from being litigated.[8] Collateral estoppel cannot be defeated by "new or different evidence to support the same issue already litigated." *Taylor*, 101 S.W.3d at 441. The State had the opportunity to present evidence at the justice court level and the issue was decided by the fact-finder. Thus, the issue of speeding was litigated. *See Jaime v. State*, 81 S.W.3d 920, 926–27 (Tex.App.-El Paso 2002, pet. ref'd) (collateral estoppel applied when no evidence presented in prior community supervision revocation hearing).

## JUSTICE COURT'S JUDGMENT WAS FINAL

 The State also argues that the judgment does not bar relitigation because a dismissal is not a valid final judgment.[9] As discussed above, the State failed to rebut the presumption that the written judgment was valid. The State does not argue the acquittal was on appeal or otherwise not final. While there is authority that a dismissal is not final for the purposes of collateral estoppel,[10] this case is an acquittal rather than a dismissal. Therefore, the judgment is final.

## THE JUSTICE COURT'S RULING ON SPEEDING WAS NOT A RULING ON AN ESSENTIAL ELEMENT

 The Texas Court of Criminal Appeals has held that, to determine whether collateral estoppel bars a subsequent prosecution (or permits prosecution but bars relitigation of certain specific facts), courts should apply a two-step anal-

8. We note collateral estoppel only bars relitigation of specific factual determinations, not legal claims or conclusions. *Guajardo*, 109 S.W.3d at 460; *see State v. Stevens*, 187 S.W.3d 565, 567 n. 4 (Tex.App.-Houston [14th Dist.] 2006, no pet. h.). However, the justice court's finding is a factual finding, i.e., there was no evidence of speeding.

9. Normally, collateral estoppel does not apply to a motion to suppress because the ruling is interlocutory, jeopardy has failed to attach, or, if dismissed, a dismissal does not qualify as a final judgment for the purposes of collateral estoppel. *See State v. Henry*, 25 S.W.3d 260, 262 (Tex.App.-San Antonio 2000, no

pet.); *see also State v. Rodriguez*, 11 S.W.3d 314, 323 (Tex.App.-Eastland 1999, no pet.); *cf.* Garrett T. Reece, Comment, *Securing One's Fourth Amendment Rights Through Issue Preclusion: Accessing Texas's Application of Collateral Estoppel To Multiple Suppression Motions Filed in Separate Courts*, 37 ST. MARY'S L.J. 241, 246–56 (2005). In this case, though, the case proceeded to trial rather than being dismissed. Therefore, the usual problems inherent in applying collateral estoppel to a ruling granting a motion to suppress are not applicable.

10. *See Henry*, 25 S.W.3d at 262; *Rodriguez*, 11 S.W.3d at 323.

ysis to determine: 1) exactly what facts were "necessarily" decided; and 2) whether those "necessarily decided" facts constitute essential elements of the offense in the second trial.[11] *Taylor*, 101 S.W.3d at 440; *Husain v. State*, 161 S.W.3d 642, 650 (Tex.App.-San Antonio 2005, pet. ref'd); *Campbell v. State*, 118 S.W.3d 788, 794–95 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); *cf. Long v. State*, 130 S.W.3d 419, 426 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (failed to object and not unconstitutional on its face). The essential elements of possession of a controlled substance are: 1) the defendant exercised actual care, control, and management over the contraband; and 2) the defendant knew the substance in his possession was

contraband. *Wallace v. State*, 955 S.W.2d 148, 150 (Tex.App.-Beaumont 1997, no pet.); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(f) (Vernon 2003). "Possession" is defined as actual care, custody, control, or management. TEX. PEN.CODE ANN. § 1.07(a)(39) (Vernon Supp.2005). Because the determination of whether the arresting officer had reasonable suspicion to detain Murphy does not concern an essential element of the offense, collateral estoppel does not apply.[12] *See Husain*, 161 S.W.3d at 650; *Campbell*, 118 S.W.3d at 795.

## CONCLUSION

Murphy introduced into evidence a signed judgment of acquittal, which ap-

**11.** This standard was adopted from *Neal v. Cain*, 141 F.3d 207, 210 (5th Cir.1998), and appears to result from an interpretation of the United State's Supreme Court's opinion in *Dowling v. United States*, 493 U.S. 342, 348, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). In *Dowling*, the United States Supreme Court held collateral estoppel applies only to "ultimate issues." *Id.* In general, an "ultimate issue" is a "point that is sufficient either in itself or in connection with other points to resolve the entire case." BLACK'S LAW DICTIONARY 849 (8th ed.2004). The standard announced in *Neal*, though, is more limited than the standards in the cases cited by *Neal* as authority for the standard. *Compare Neal*, 141 F.3d at 210 with *United States v. Brackett*, 113 F.3d 1396, 1398–1401 (5th Cir.1997). In *Brackett*, the Fifth Circuit held:

This court has consistently held that collateral estoppel may affect successive criminal prosecutions in one of two ways. First, it will completely bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution. Second, while the subsequent prosecution may proceed, collateral estoppel will bar the introduction or argumentation of facts necessarily decided in the prior proceeding.

*Brackett*, 113 F.3d at 1398. In his concurrence in *Guajardo*, Judge Hervey cites *United States v. Brackett* for the proposition that "*Dowling* effectively limits collateral estoppel

doctrine to *Ashe's* double jeopardy context by limiting this doctrine 'to cases in which the government seeks to relitigate an essential element of the offense.'" *Guajardo*, 109 S.W.3d at 468 (Hervey, J., concurring). *But see Brackett*, 113 F.3d at 1401 n. 9 (suggesting *Dowling* effectively limited "ultimate issues" to essential elements but declining to decide). We are concerned that the standard in *Taylor* may be a more limited interpretation of what constitutes an "ultimate issue" than the standards utilized by the Fifth Circuit and the United States Supreme Court. *Compare Taylor*, 101 S.W.3d at 441; *with Dowling*, 493 U.S. at 348, 110 S.Ct. 668 *and Brackett*, 113 F.3d at 1398; *cf. Guajardo*, 24 S.W.3d at 425. However, we are bound by the standard announced by the Texas Court of Criminal Appeals.

**12.** We note there is a line of authority which has reasoned that a motion to suppress evidence, as merely a specialized objection to the admissibility of evidence, does not fall within any of the categories protected by the Double Jeopardy Clause. *Ex parte Ayers*, 921 S.W.2d 438, 440 (Tex.App.-Houston [1st Dist.] 1996, no pet.); *see, e.g., Rodriguez*, 11 S.W.3d at 318; *Ex parte Alt*, 958 S.W.2d 948, 951 n. 5 (Tex.App.-Austin 1998, no pet.); *Holmberg v. State*, 931 S.W.2d 3, 5 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd); *Ex parte Culver*, 932 S.W.2d 207, 212 (Tex.App.-El Paso 1996, pet. ref'd).

pears to be valid on its face. The judgment is presumed to be valid and the State failed to rebut the presumption of validity. Because the State had the opportunity to present evidence concerning whether Murphy was speeding and the justice court determined the issue, the issue of speeding was determined in the prior proceeding. In addition, the prior proceeding was final. However, collateral estoppel does not apply to this case because the justice court's ruling on speeding was not a ruling on an essential element of the offense. Therefore, the trial court did not abuse its discretion in denying Murphy's motion to suppress and motion to dismiss.

For the reasons stated, we affirm the judgment.