IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1297-06






JERMAINE DONTE MURPHY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


TITUS COUNTY




 

 Johnson, J., delivered the opinion of the unanimous Court. Meyers, J., filed a
concurring opinion in which Keller, P.J., and Price and Hervey, JJ., joined.


O P I N I O N 



 On January 31, 2004, Charles Cannon, a Texas Department of Public Safety trooper, stopped
appellant for speeding. Cannon testified that his radar registered appellant traveling eight miles over the
speed limit. Cannon, however, informed appellant that he was not going to issue a speeding citation, but
only a warning. As Cannon completed the warning citation, he asked appellant for consent to search
appellant's vehicle because he detected the odor of marijuana coming from the vehicle. Cannon also
testified that appellant consented to the search. While searching the vehicle, Cannon discovered: (1) a cigar
containing marijuana in the vehicle console; (2) a small bag of marijuana inside a black luggage bag; and
(3) approximately a kilogram of cocaine in a rear compartment of the vehicle. Cannon arrested appellant
for possession of drug paraphernalia (1) and possession of a controlled substance. (2)
 No speeding ticket was
issued. 

 On November 17, 2004, appellant's charge of possession of drug paraphernalia was set for trial
in the Justice of Peace Court, Precinct 1, of Titus County. Appellant waived his right to a jury trial. Both
the state and appellant announced ready for trial. After conducting a bench trial, Judge Leo Schakel
entered a final judgment of acquittal on the paraphernalia charge. In a written order, Judge Schakel stated
that

 [t]he State failed to produce evidence of speeding on January 31, 2004, that gave rise to
the stop and search of the defendant and the vehicle he was driving. The State failed to
produce evidence that the defendant consented to the search of the vehicle he was driving
on January 31, 2004. Furthermore, the State failed to produce evidence that affirmatively
linked the defendant with the alleged drug paraphernalia. Because there was no evidence
produced that there was probable cause to stop the defendant, that the defendant
consented to a search of his vehicle, or that affirmatively linked the defendant to the alleged
drug paraphernalia, the defendant is hereby acquitted.

The state and appellant agreed that Cannon had failed to appear for trial in the justice court. 

 Prior to appellant's trial for possession of a controlled substance, appellant filed a Motion to
Suppress Evidence and a Motion to Dismiss the Indictment based on collateral estoppel. On June 14,
2005, the trial court heard both motions. At the hearing, appellant introduced evidence of the final
judgment of acquittal on the drug-paraphernalia charge. Appellant asserted that, based on the findings of
facts in the final judgment of the justice court, collateral estoppel prohibited the state from introducing
evidence of appellant's speeding or Cannon's probable cause to stop and detain appellant. The court
overruled appellant's objection, and the state introduced the testimony of Judge Schakel and Cannon. 

 Cannon gave testimony to support the state's contention that there was probable cause to stop and
detain appellant. On direct examination, Judge Schakel testified that he did not remember the particular
case, but that it was his belief that the paraphernalia charge was dismissed because the officer did not
appear. On cross examination, however, Judge Schakel testified that he held a bench trial on the
paraphernalia charge and that the state presented no evidence to convict appellant on the charge. 
Following the pretrial hearing, the trial court denied the motion to suppress and the motion to dismiss the
indictment. 

 Appellant subsequently plead guilty to the charge of possession of a controlled substance and
preserved his right to appeal the trial court's ruling on the suppression motion and motion to dismiss the
indictment. Appellant elected for a jury to assess his punishment, and the jury sentenced appellant to ten
years in prison and fined him $5,000.00. Appellant filed a direct appeal. Murphy v. State, 200 S.W.3d
753 (Tex. App.-Texarkana 2006).

 On appeal, appellant contended that the issue of whether Cannon legally detained Murphy was
litigated in the justice court: the state announced ready, and in its final judgment, the justice court found that
there was no evidence of speeding, and thus no probable cause to stop. The state argued that the issue
of speeding was not litigated, the drug-paraphernalia case was dismissed, there was no final judgment, and
the ruling on the motion to suppress was not an essential element of possession of a controlled substance. (3) 


 The court of appeals held that the state did not rebut the presumption that the justice court's
judgment was valid, that the issue of reasonable suspicion was litigated, and that the judgment was final. 
Murphy, 200 S.W.3d at 760. Nevertheless, the court of appeals affirmed the trial court's ruling. Id. at
760-61. The court of appeals stated that collateral estoppel did not apply because the justice court's ruling
on speeding was not a ruling on an essential element of possession of a controlled substance. Id. Appellant
timely filed a petition for discretionary review, and this Court granted review.

ANALYSIS

 The doctrine of collateral estoppel is embodied within the Double Jeopardy Clause of the Fifth
Amendment, which is applicable to the states through the Fourteenth Amendment. Ashe v. Swenson, 397
U.S. 436, 445 (1970); U.S. Const. amend. V; U.S. Const. amend. XIV. While double jeopardy
protects a defendant against a subsequent prosecution for an offense for which the defendant has been
acquitted, collateral estoppel deals only with relitigation of specific fact determinations. See Reynolds v.
State, 4 S.W.3d 13, 19, 21 (Tex. Crim. App. 1999); see also Guajardo v. State, 109 S.W.3d 456 (Tex.
Crim. App. 2003). Collateral estoppel means "that when an issue of ultimate fact has once been
determined by a valid and final judgment, that issue cannot again be litigated between the same parties in
any future lawsuit relating to the same event or situation." Ashe, 397 U.S. at 443; Ex Parte Taylor, 101
S.W.3d 434, 440 (Tex. Crim. App. 2002). In Ashe, the Supreme Court emphasized that

 the rule of collateral estoppel, in criminal cases, is not to be applied with the hypertechnical
and archaic approach of a 19th century pleading book, but with realism and rationality. .
.. The inquiry "must be set in a practical frame and viewed with an eye to all the
circumstances of the proceedings." Sealfon v. United States, 332 U.S. 575, 579. Any
test more technically restrictive would, of course, simply amount to a rejection of the rule
of collateral estoppel in criminal proceedings, at least in every case where the first judgment
was based upon a general verdict of acquittal. 


397 U.S. at 444. 

 The scope of facts that were actually litigated determines the scope of the factual finding covered
by collateral estoppel. Guajardo, 109 S.W.3d at 460; Taylor, 101 S.W.3d at 442. The very fact or
point at issue in the pending case must have been determined in the prior proceeding. Taylor, 101 S.W.3d
at 441. The defendant must meet the burden of proving that the facts in issue were necessarily decided in
the prior proceeding. Guajardo, 109 S.W.3d at 460.

 To determine whether collateral estoppel bars a subsequent prosecution or permits the prosecution
but bars relitigation of certain specific facts, this court has adopted the two-step analysis employed by the
Fifth Circuit. See Neal v. Cain, 141 F.3d 207, 210 (5th Cir. 1998); see also Taylor, 101 S.W.3d at 440. 
This court stated that a court must determine (1) exactly what facts were necessarily decided in the first
proceeding, and (2) whether those "necessarily decided" facts constitute essential elements of the offense
in the second trial. Taylor, 101 S.W.3d at 440. 

 The first prong is fairly simple; the particular fact litigated in the first prosecution, in which a final
judgment was entered, must be the exact fact at issue in the second prosecution. This prong is not at issue
here. The second prong is less simple. The state argued, and the Sixth Court of Appeals agreed, that
collateral estoppel did not bar the prosecution for possession of a controlled substance because the justice
court's ruling on speeding was not a ruling on an essential element of the offense at issue in the second
prosecution.

 In applying the doctrine of collateral estoppel, its limitations must be kept in mind. Although
collateral estoppel requires that the precise fact litigated in the first prosecution have arisen in the same
transaction, occurrence, situation, or criminal episode that gave rise to the second prosecution, the fact
litigated must also be an essential element of the subsequent offense. (4) Taylor, 101 S.W.3d at 440; Neal,
141 F.3d at 210. Specifically, if the necessarily decided fact litigated in the first prosecution constitutes an
essential element framed within the second prosecution's offense, then the "essential element of the offense"
prong is satisfied. See Taylor, 101 S.W.3d at 440. 

 In order to successfully prosecute appellant in separate trials for possession of drug paraphernalia
and possession of a controlled substance, the state must first prove that reasonable suspicion or probable
cause existed to stop appellant and that Cannon had probable cause to search the vehicle, or that appellant
gave consent to search the vehicle prior to arrest. See Terry v. Ohio, 392 U.S. 1 (1968). While these
factors are important preliminary issues, they are merely issues of the admissibility of evidence and are not
elements essential to proving the commission of either offense-possession of a controlled substance or
possession of drug paraphernalia. See Neal, 141 F.3d at 210; see also Terry, 392 U.S. 1 (1968); U.S.
Const. amend. IV. 

 In this case, the state undertook separate prosecutions for the drug-paraphernalia charge and the
controlled-substance charge, but both prosecutions arose from one transaction. After a trial on the drug-paraphernalia charge, the justice court found, in a final judgment, that the state had failed to produce
evidence (1) that appellant was speeding and thus had failed to prove that probable cause to stop appellant
existed or (2) that appellant had consented to the vehicle search. While there is no bright-line or black-letter law that can resolve the issue of when collateral estoppel applies, collateral estoppel is inapplicable
in this case. Taylor, 101 S.W.3d at 439; see also United States v. Larkin, 605 F.2d 1360, 1361 (5th
Cir. 1979), modified on other grounds, 611 F.2d 585 (5th Cir. 1980). Although the findings of fact in
the justice court's final judgment were important and ultimately foreclosed the state's ability to convict
appellant in the first prosecution, these evidentiary findings did not relate to essential elements as to the
possession of a controlled-substance charge. (5)

 Applying collateral estoppel with respect to appellant's assertion in this case, thereby allowing a
litigated fact that is merely evidentiary to act as if it were an essential element of the second offense, would
overstep the doctrine's limits. See Ashe, 397 U.S. at 445; Neal, 141 F.3d at 210.

Conclusion Appellant has the burden of proving that collateral estoppel applies in this case. Based on the
record, appellant has failed to meet this burden. The justice court entered a final judgment involving specific
facts relating to both the possession of the drug-paraphernalia and the possession of a controlled substance. 
Nonetheless, these necessarily decided facts were pertinent only to the admissibility of evidence and did
not constitute an essential element of the second prosecution's offense. The second prong of the collateral-estoppel analysis was, therefore, not satisfied. 

 We affirm the judgment of the court of appeals. 


Delivered: November 7, 2007

Publish
1. A person commits an offense if the person knowingly or intentionally uses or possesses with intent to
use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce,
process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this
chapter or to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of
this chapter. Tex. Health & Safety Code Ann. § 481.125(a) (Vernon 2003).
2. Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally
possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from
or under a valid prescription or order of a practitioner acting in the course of professional practice. Tex. Health &
Safety Code Ann. § 481.125(a) (Vernon 2003) 

 An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas
Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to
exceed $100,000, if the amount of the controlled substance possessed is, by aggregate weight, including adulterants
or dilutants, 400 grams or more. Tex. Health & Safety Code Ann. § 481.125(f) (Vernon 2003).

3. We note that speeding was an issue only as to probable cause to stop, which was litigated, that the
paraphernalia charge was litigated, not dropped, and that the judgment of acquittal is a final one. 
4. This premise is illustrated by Ashe v. Swenson, 397 U.S. 436 (1970). A number of men burst in on a group
of poker players and robbed each one. In the first proceeding, the applicant was acquitted of robbery. After
conviction in a second trial, he raised collateral estoppel in a writ of habeas corpus, asserting that the identity of the
robbers had been litigated in the first trial and that the acquittal in that proceeding necessarily established that he
was not one of the robbers. The Supreme Court granted relief, holding that the essential element of identity had
been fully litigated in the first trial and had been resolved by the jury in applicant's favor; it could not, therefore, be
relitigated in a subsequent prosecution arising from the same incident.
5. Although some of the elements encompassed within the possession of a controlled-substance offense
could have been litigated in the trial for the possession of drug-paraphernalia offense, the justice court did not enter
a final judgment as to these essential elements. Therefore, they are not at issue in this case.