

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00009-CR

_____

LISA GAIL HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 25781

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Lisa Gail Harris was convicted by a jury for possession of a controlled substance, methamphetamine, and was sentenced to ten years in the Texas Department of Criminal Justice—Institutional Division.[1]   Harris appeals, claiming the evidence is legally and factually insufficient to support the conviction.   We affirm the judgment.

## I.    FACTS

On the evening of March 8, 2009, Hunt County Sheriff's Deputy David Wilson initiated a traffic stop of a brown Chevrolet van driven by Christopher Johnson.   Harris was the sole passenger in the van.   Because Wilson believed Johnson exhibited signs of having ingested methamphetamine, he asked Johnson for consent to search the vehicle.   Johnson consented, but indicated that the van belonged to his wife—referring to Harris.   After having advised Johnson to stand in front of the patrol car, Wilson approached the passenger side of the vehicle.   Because it was a dark evening and Wilson was not carrying a flashlight, Harris did not see Wilson approach her side of the van.   As Wilson approached Harris' window, he observed Harris bent over with her arm underneath the passenger seat.   It appeared to Wilson that Harris was either hiding something or reaching for something.   Wilson asked Harris to exit the vehicle and sought consent to search. Harris indicated that she did not care if Wilson searched the vehicle.

---

[1]"[A] person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 . . . ."   TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2010).

Upon searching the vehicle, Wilson discovered a clear container underneath the passenger seat, containing a white, crystal substance, later identified as 3.6 grams of methamphetamine. Wilson also discovered a glass pipe, commonly used to smoke methamphetamine, inside the van.[2] Both Johnson and Harris denied ownership of the methamphetamine and the pipe; Harris explained that "other people" borrowed her van from time to time. Both Johnson and Harris were arrested for possession of a controlled substance. Because Harris advised Wilson that the container holding the methamphetamine would have her fingerprints on it, Wilson did not request a fingerprint analysis of the container.

## II. ANALYSIS

We are directed to subject challenges to the legal or factual sufficiency of the evidence to the hypothetically correct jury charge analysis. *Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). In order to prove its case under Section 481.115 of the Texas Health and Safety Code, the State was required to prove that (1) Harris exercised actual care, control, and management over the contraband; and (2) Harris knew the substance in her possession was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Murphy v. State*, 200 S.W.3d 753, 761 (Tex. App.—Texarkana 2006), *aff'd*, 239 S.W.3d 791 (Tex. Crim. App. 2007); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). "Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp.

---

[2]Wilson could not recall the precise location of the glass pipe, or whether the pipe contained any methamphetamine residue.

2009).

Where, as here, an accused is not in exclusive possession of the place where contraband is found, additional independent facts and circumstances must be developed which link the defendant to the contraband in order to raise a reasonable inference of the defendant's knowledge and control of the contraband. *Poindexter*, 153 S.W.3d at 406. This rule is designed to protect an innocent bystander from conviction merely because of fortuitous proximity to someone else's drugs. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the vicinity of a controlled substance is insufficient to show possession. But proximity, when combined with other direct or circumstantial evidence may be sufficient to establish beyond a reasonable doubt a person's possession of a controlled substance.[3] *See id.* (direct or circumstantial evidence may be sufficient to establish possession beyond a reasonable doubt). The evidence linking the accused to the contraband "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Poindexter*, 153 S.W.3d at 405–06. The number of links is not dispositive; rather, we look to the "logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

The following is a nonexclusive list of facts that have been found to be sufficient, either singly or in combination, to establish a person's possession of contraband: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) whether

[3]The Texas Court of Criminal Appeals acknowledged, in a discussion of the "affirmative links" test, that the term "affirmative" adds nothing to the plain meaning of "link." When the term "link" is utilized, it is clear that evidence of drug possession is judged by the same standard as all other evidence. *Evans*, 202 S.W.3d at 162.

the contraband was in close proximity to, or accessible by, the defendant; (4) whether the place where the contraband was found was enclosed; (5) whether the defendant was under the influence of narcotics when arrested; (6) whether the defendant possessed other contraband or narcotics when arrested; (7) whether the defendant made incriminating statements when arrested; (8) whether the defendant attempted to flee; (9) whether the defendant made furtive gestures; (10) whether there was an odor of contraband present at the scene; (11) whether other contraband or drug paraphernalia were present; (12) whether the defendant owned or had a right to possess the place where the contraband was found; (13) whether the defendant was found with a large amount of cash; (14) whether the defendant possessed weapons; and (15) whether conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Hargrove v. State*, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref'd).

Harris contends the evidence is legally and factually insufficient because it does not link her to the methamphetamine discovered in the van. In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We are not

5

required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we must presume that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).

We may find evidence factually insufficient in two ways: (1) the evidence supporting the conviction is "too weak" to support the fact-finder's verdict, or (2) considering conflicting evidence, the fact-finder's verdict is against the great weight and preponderance of the evidence. *Laster*, 275 S.W.3d at 518. In so doing, we may find the evidence insufficient when necessary to prevent manifest injustice. *Id*. Although we give less deference to the verdict in a factual sufficiency review, we will not override the verdict simply because we disagree with it. *Id*. Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti*, 273 S.W.3d at 280.

While Harris was not in exclusive possession of the vehicle where the methamphetamine was found, there was evidence of several additional facts and circumstances that demonstrate her knowledge and control of this item of contraband. First, Harris readily acknowledged that she was the owner of the vehicle where the contraband was found. Harris was present in the vehicle

6

when the search was conducted, where the methamphetamine was hidden underneath her passenger seat in a Tupperware container. The contraband was easily accessible to Harris—just within arm's reach under her seat. Further, when Wilson approached the passenger side of the van, he saw Harris bent forward with one of her arms underneath the passenger seat, causing Wilson to suspect that Harris may have been attempting to conceal something. This could be described as a "furtive" gesture on Harris' part.[4] In addition, a glass pipe used for smoking methamphetamine was discovered in the van. Finally, Wilson testified that Harris advised, either en route to the jail or while inside the jail, that the container containing the methamphetamine should have her fingerprints on it because the Tupperware matches her Tupperware "from the house." The plain implication of this statement is that Harris owned the Tupperware containing the methamphetamine. This statement is incriminating, and when taken in conjunction with the fact that Harris appeared to conceal the container underneath the passenger seat as Wilson approached the van, that the container was within her easy reach, and that Harris owned the van where the methamphetamine was concealed, we find a number of links tying Harris to the methamphetamine. The number of factors or links present is not as important as the logical force those factors have in establishing the elements of the offense. *Hargrove*, 211 S.W.3d at 386. Here, we find particularly compelling the fact that the methamphetamine was located in the precise

---

[4]"Furtive" gestures are generally defined as those which are surreptitious, underhanded, or done by stealth. *Lopez v. State*, 267 S.W.3d 85, 94 n.26 (Tex. App.—Corpus Christi 2008, no pet.) (citing WEBSTER'S COLLEGIATE DICTIONARY 509 (11th ed. 1993)).

7

spot where Harris appeared to conceal something as Wilson approached the van.

Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Harris possessed the methamphetamine. Moreover, we cannot say that the evidence supporting the conviction is "too weak" to support the fact-finder's verdict. The only conflicting evidence is Harris' denial of ownership or knowledge of the drugs. We do not find the fact-finder's verdict to be against the great weight and preponderance of the evidence.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     September 13, 2010
Date Decided:       September 14, 2010

Do Not Publish

8