In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00067-CR

                                                ______________________________

 

 

                                         JACK SAYADETH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 159th
Judicial District Court

                                                           Angelina County, Texas

                                                            Trial
Court No. 28,305

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            In
this case involving the possession of more than four ounces but less than five
pounds of marihuana, there are three principal characters:  Jack Sayadeth, Menia Xayavong, and Deshun
Whitby.  Sayadeth and Xayavong were
travelling together in a Lincoln Navigator along U.S. Highway 59 in Angelina
County[1]
and Whitby was riding alone, piloting a Cadillac in close proximity to them
when this travelling party caught the attention of two peace officers in
separate vehicles.

            One
of the peace officers noticed a traffic violation committed by Whitby in the
Cadillac and pulled the car over.  During
this traffic stop, a consensual search of the automobile was conducted and the
marihuana was discovered, concealed in the trunk.  

            Not
very much further along the highway, the other officer stopped the Lincoln
bearing Sayadeth and Xayavong for a separate traffic violation.  The suspicions of this officer were aroused
when Xayavong and Sayadeth gave conflicting answers to his questions about
their travels.  After the officer detected
the smell of marihuana on Sayadeth, he searched the vehicle; however, this
search did not reveal the presence of any contraband, but that car contained
the driver’s license of Whitby (who was driving the Cadillac stopped by the
other officer).  The State charged all of
Whitby, Xayavong, and Sayadeth with
possession of the marihuana located in the Cadillac.  Whitby entered a plea of guilty, but Xayavong
and Sayadeth entered not guilty pleas and were tried together as co-actors in a
trial before the court.  After the bench
trial, both Xayavong and Sayadeth were found guilty and each was sentenced to
two years’ confinement in a state-jail facility.    

            On
appeal, Sayadeth argues that the evidence was legally and factually
insufficient to support his conviction.

            We
reverse the trial court’s judgment finding Sayadeth guilty and render a
judgment of acquittal because there is legally insufficient evidence
affirmatively linking him to the drugs. 

            At the risk of
redundancy, we repeat some of the evidence, but with more detail.  At about midnight, Angelina County sheriff’s
deputies Rusty Allen and Joseph Davidson were patrolling U.S. Highway 59 when
they saw a Cadillac and a Lincoln traveling closely together.  Allen stopped the Cadillac because the
license plate light was not working, and Davidson continued to follow the
Lincoln.  The driver of the Cadillac,
Whitby, was nervous and could display neither a driver’s license nor any valid
proof of liability insurance.  Whitby did
not appear intoxicated and did not smell of alcohol or drugs.  Whitby claimed to be returning to Arkansas
from visiting his brother in Houston.  He
also claimed to be traveling alone. 

            Whitby maintained that
the vehicle was registered to Xayavong and that information was confirmed by
Allen via a computer check.  Allen
testified that Whitby told him he was driving Xayavong’s car because “his was
broke down.”  At trial, Whitby and
Xayavong testified that a few weeks prior to the events in question, Whitby
agreed to purchase the Cadillac from his former schoolmate, Xayavong.  He paid her $500.00 and she allowed him to
drive the car while making payments on the balance. 

            Whitby gave Allen
consent to search the Cadillac.  Nothing
was found in the passenger compartment, but Allen discovered four pounds of
marihuana in the vehicle’s trunk, concealed in the wheel well beneath a
bolted-on speaker box.  

            While Allen stopped the
Cadillac, Davidson continued to follow the Lincoln driven by Xayavong and also
bearing Sayadeth.  Allen observed the
Lincoln to twice change driving lanes without first making a signal and stopped
the car about two miles distant from where Allen had stopped the Cadillac.  Davidson testified that both Xayavong and
Sayadeth appeared nervous and the two provided conflicting answers about their
trip.  On one hand, Xayavong told
Davidson that she had arrived in Houston on Wednesday and was visiting family
there, but Sayadeth told Davidson he was visiting family in Houston and he had
arrived in Houston on Monday.  Although
both claimed that no one was traveling with them, Sayadeth later admitted that
they were accompanied on their trip by a friend of theirs, who was driving
Xayavong’s car back to Arkansas for them.[2]  While questioning Sayadeth, Davidson noticed
the smell of marihuana on Sayadeth, and based upon that smell, he searched the vehicle––the
search revealing no drugs, but disclosing Whitby’s driver’s license.  

            After charges for
possession of the drugs were lodged against all three, Whitby pled guilty and
admitted that he bought and hid the drugs, maintaining that neither of the
other two defendants knew anything about it. 
As stated above, Xayavong and Sayadeth were both found guilty in a bench
trial. 

There Is Legally Insufficient Evidence Linking Sayadeth to the Drugs Found
in the Cadillac

            Sayadeth
argues that the trial court erred by denying his motion for directed verdict
because the evidence was legally insufficient to link him to the marihuana
found in the Cadillac.  We agree.

            In
reviewing the evidence for sufficiency, we consider the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318–19 (1979). 


            In
order to prove its case under Section 481.121 of the Texas Health and Safety
Code, the State was required to prove that (1) Sayadeth exercised actual care,
control, and management over the contraband; and (2) Sayadeth knew the
substance in his possession was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Murphy v. State, 200 S.W.3d 753, 761 (Tex. App.––Texarkana 2006), aff’d, 239 S.W.3d 791 (Tex. Crim. App.
2007); see Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2010).
 “Possession” is defined as “actual care,
custody, control, or management.”  Tex. Penal Code Ann. § 1.07(a)(39)
(Vernon Supp. 2010).

            Where,
as here, an accused is not in exclusive possession of the place where
contraband is found, additional independent facts and circumstances must be
developed which link the defendant to the contraband in order to raise a
reasonable inference of the defendant’s knowledge and control of the
contraband.  Poindexter, 153 S.W.3d at 406. 
This rule is designed to protect an innocent bystander from conviction
merely because of fortuitous proximity to someone else’s drugs.  Evans
v. State, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006).  Mere presence in the vicinity of a controlled
substance is insufficient to show possession.  But proximity, when combined with other direct
or circumstantial evidence, may be sufficient to establish beyond a reasonable
doubt a person’s possession of a controlled substance.[3]  See id.
(direct or circumstantial evidence may be sufficient to establish possession
beyond a reasonable doubt).  The evidence
linking the accused to the contraband “must establish, to the requisite level
of confidence, that the accused’s connection with the drug was more than just
fortuitous.” Poindexter, 153 S.W.3d
at 405–06.  The number of links is not
dispositive; rather, we look to the “logical force of all of the evidence,
direct and circumstantial.”  Evans, 202 S.W.3d at 162.

            The
following is a nonexclusive list of factors that have been found to be
sufficient, either singly or in combination, to establish a person’s possession
of contraband:  (1) the defendant’s
presence when a search is conducted; (2) whether the contraband was in plain
view; (3) whether the contraband was in close proximity to, or accessible by,
the defendant; (4) whether the place where the contraband was found was
enclosed; (5) whether the defendant was under the influence of narcotics when
arrested; (6) whether the defendant possessed other contraband or narcotics
when arrested; (7) whether the defendant made incriminating statements when
arrested; (8) whether the defendant attempted to flee; (9) whether the
defendant made furtive gestures; (10) whether there was an odor of
contraband present at the scene; (11) whether other contraband or drug
paraphernalia were present; (12) whether the defendant owned or had a right to
possess the place where the contraband was found; (13) whether the defendant
was found with a large amount of cash; (14) whether the defendant possessed
weapons; and (15) whether conduct of the defendant indicated a consciousness of
guilt.  Evans, 202 S.W.3d at 162 n.12; Hargrove
v. State, 211 S.W.3d 379, 385–86 (Tex. App.––San Antonio 2006, pet. ref’d).

            Here,
Whitby testified that he bought and concealed the drugs and that Sayadeth had
no knowledge of it.  Sayadeth was a
passenger in the Lincoln, whereas the drugs were found in the Cadillac.  Sayadeth was not present at the scene where
the drugs were found, and he had no way of accessing them.  The State emphasizes that Sayadeth smelled
like marihuana and that he and Xayavong gave conflicting statements concerning
their trip plans and activities. 
However, there was no evidence that Sayadeth had consumed marihuana or
that he was otherwise under its influence; none of Sayadeth’s statements
(contradictory or otherwise) connect him to the contraband found in the
Cadillac driven by and under the control of another person.  Even viewing the evidence in the light most
favorable to the verdict, the quality of the evidence here is far too weak and
the links too attenuated for a rational trier of fact to find beyond a
reasonable doubt that Sayadeth knew of, or had control over, the
contraband.  Accordingly, we reverse the
trial court’s judgment finding Sayadeth guilty and render a judgment of
acquittal because there is legally insufficient evidence affirmatively linking
him to the contraband.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          November
9, 2010

Date Decided:             November
10, 2010

 

Do Not Publish 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov't Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.





[2]At trial, Xayavong, Sayadeth, and Whitby all
testified that the Lincoln was having car trouble and they were concerned that
it might break down on the trip back from Houston.  Whitby agreed to drive the Cadillac and
travel with them in case of car trouble.





[3]We note that the Texas Court of Criminal Appeals stated,
“We have used that term ‘affirmative links,’ but we recognize that
‘affirmative’ adds nothing to the plain meaning of ‘link.’  Henceforth, we will use only ‘link’ so that
it is clear that evidence of drug possession is judged by the same standard as
all other evidence.”  Evans, 202 S.W.3d at 162.  Nevertheless, that court has continued to use
the term “affirmative links.”  Laster v. State, 275 S.W.3d 512, 520
(Tex. Crim. App. 2009); Malone v. State,
253 S.W.3d 253, 258 (Tex. Crim. App. 2008). 
Therefore, because of its common use and understood meaning, we do
likewise.