

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00067-CR

_____

JACK SAYADETH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. 28,305

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In this case involving the possession of more than four ounces but less than five pounds of marihuana, there are three principal characters: Jack Sayadeth, Menia Xayavong, and Deshun Whitby. Sayadeth and Xayavong were travelling together in a Lincoln Navigator along U.S. Highway 59 in Angelina County[1] and Whitby was riding alone, piloting a Cadillac in close proximity to them when this travelling party caught the attention of two peace officers in separate vehicles.

One of the peace officers noticed a traffic violation committed by Whitby in the Cadillac and pulled the car over. During this traffic stop, a consensual search of the automobile was conducted and the marihuana was discovered, concealed in the trunk.

Not very much further along the highway, the other officer stopped the Lincoln bearing Sayadeth and Xayavong for a separate traffic violation. The suspicions of this officer were aroused when Xayavong and Sayadeth gave conflicting answers to his questions about their travels. After the officer detected the smell of marihuana on Sayadeth, he searched the vehicle; however, this search did not reveal the presence of any contraband, but that car contained the driver's license of Whitby (who was driving the Cadillac stopped by the other officer). The State charged all of Whitby, Xayavong, and Sayadeth with possession of the marihuana located in the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Cadillac. Whitby entered a plea of guilty, but Xayavong and Sayadeth entered not guilty pleas and were tried together as co-actors in a trial before the court. After the bench trial, both Xayavong and Sayadeth were found guilty and each was sentenced to two years' confinement in a state-jail facility.

On appeal, Sayadeth argues that the evidence was legally and factually insufficient to support his conviction.

We reverse the trial court's judgment finding Sayadeth guilty and render a judgment of acquittal because there is legally insufficient evidence affirmatively linking him to the drugs.

At the risk of redundancy, we repeat some of the evidence, but with more detail. At about midnight, Angelina County sheriff's deputies Rusty Allen and Joseph Davidson were patrolling U.S. Highway 59 when they saw a Cadillac and a Lincoln traveling closely together. Allen stopped the Cadillac because the license plate light was not working, and Davidson continued to follow the Lincoln. The driver of the Cadillac, Whitby, was nervous and could display neither a driver's license nor any valid proof of liability insurance. Whitby did not appear intoxicated and did not smell of alcohol or drugs. Whitby claimed to be returning to Arkansas from visiting his brother in Houston. He also claimed to be traveling alone.

Whitby maintained that the vehicle was registered to Xayavong and that information was confirmed by Allen via a computer check. Allen testified that Whitby told him he was driving Xayavong's car because "his was broke down." At trial, Whitby and Xayavong testified that a

few weeks prior to the events in question, Whitby agreed to purchase the Cadillac from his former schoolmate, Xayavong. He paid her $500.00 and she allowed him to drive the car while making payments on the balance.

Whitby gave Allen consent to search the Cadillac. Nothing was found in the passenger compartment, but Allen discovered four pounds of marihuana in the vehicle's trunk, concealed in the wheel well beneath a bolted-on speaker box.

While Allen stopped the Cadillac, Davidson continued to follow the Lincoln driven by Xayavong and also bearing Sayadeth. Allen observed the Lincoln to twice change driving lanes without first making a signal and stopped the car about two miles distant from where Allen had stopped the Cadillac. Davidson testified that both Xayavong and Sayadeth appeared nervous and the two provided conflicting answers about their trip. On one hand, Xayavong told Davidson that she had arrived in Houston on Wednesday and was visiting family there, but Sayadeth told Davidson he was visiting family in Houston and he had arrived in Houston on Monday. Although both claimed that no one was traveling with them, Sayadeth later admitted that they were accompanied on their trip by a friend of theirs, who was driving Xayavong's car back to Arkansas for them.[2] While questioning Sayadeth, Davidson noticed the smell of marihuana on Sayadeth, and based upon that smell, he searched the vehicle—the search revealing no drugs, but disclosing Whitby's driver's license.

---

[2]At trial, Xayavong, Sayadeth, and Whitby all testified that the Lincoln was having car trouble and they were concerned that it might break down on the trip back from Houston. Whitby agreed to drive the Cadillac and travel with them in case of car trouble.

4

After charges for possession of the drugs were lodged against all three, Whitby pled guilty and admitted that he bought and hid the drugs, maintaining that neither of the other two defendants knew anything about it. As stated above, Xayavong and Sayadeth were both found guilty in a bench trial.

*There Is Legally Insufficient Evidence Linking Sayadeth to the Drugs Found in the Cadillac*

Sayadeth argues that the trial court erred by denying his motion for directed verdict because the evidence was legally insufficient to link him to the marihuana found in the Cadillac. We agree.

In reviewing the evidence for sufficiency, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979).

In order to prove its case under Section 481.121 of the Texas Health and Safety Code, the State was required to prove that (1) Sayadeth exercised actual care, control, and management over the contraband; and (2) Sayadeth knew the substance in his possession was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Murphy v. State*, 200 S.W.3d 753, 761 (Tex. App.—Texarkana 2006), *aff'd*, 239 S.W.3d 791 (Tex. Crim. App. 2007); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2010). "Possession" is defined as "actual

5

care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp. 2010).

Where, as here, an accused is not in exclusive possession of the place where contraband is found, additional independent facts and circumstances must be developed which link the defendant to the contraband in order to raise a reasonable inference of the defendant's knowledge and control of the contraband. *Poindexter*, 153 S.W.3d at 406. This rule is designed to protect an innocent bystander from conviction merely because of fortuitous proximity to someone else's drugs. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the vicinity of a controlled substance is insufficient to show possession. But proximity, when combined with other direct or circumstantial evidence, may be sufficient to establish beyond a reasonable doubt a person's possession of a controlled substance.[3] *See id*. (direct or circumstantial evidence may be sufficient to establish possession beyond a reasonable doubt). The evidence linking the accused to the contraband "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Poindexter*, 153 S.W.3d at 405–06. The number of links is not dispositive; rather, we look to the "logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

---

[3]We note that the Texas Court of Criminal Appeals stated, "We have used that term 'affirmative links,' but we recognize that 'affirmative' adds nothing to the plain meaning of 'link.' Henceforth, we will use only 'link' so that it is clear that evidence of drug possession is judged by the same standard as all other evidence." *Evans*, 202 S.W.3d at 162. Nevertheless, that court has continued to use the term "affirmative links." *Laster v. State*, 275 S.W.3d 512, 520 (Tex. Crim. App. 2009); *Malone v. State*, 253 S.W.3d 253, 258 (Tex. Crim. App. 2008). Therefore, because of its common use and understood meaning, we do likewise.

The following is a nonexclusive list of factors that have been found to be sufficient, either singly or in combination, to establish a person's possession of contraband: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) whether the contraband was in close proximity to, or accessible by, the defendant; (4) whether the place where the contraband was found was enclosed; (5) whether the defendant was under the influence of narcotics when arrested; (6) whether the defendant possessed other contraband or narcotics when arrested; (7) whether the defendant made incriminating statements when arrested; (8) whether the defendant attempted to flee; (9) whether the defendant made furtive gestures; (10) whether there was an odor of contraband present at the scene; (11) whether other contraband or drug paraphernalia were present; (12) whether the defendant owned or had a right to possess the place where the contraband was found; (13) whether the defendant was found with a large amount of cash; (14) whether the defendant possessed weapons; and (15) whether conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Hargrove v. State*, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref'd).

Here, Whitby testified that he bought and concealed the drugs and that Sayadeth had no knowledge of it. Sayadeth was a passenger in the Lincoln, whereas the drugs were found in the Cadillac. Sayadeth was not present at the scene where the drugs were found, and he had no way of accessing them. The State emphasizes that Sayadeth smelled like marihuana and that he and Xayavong gave conflicting statements concerning their trip plans and activities. However, there

7

was no evidence that Sayadeth had consumed marihuana or that he was otherwise under its influence; none of Sayadeth's statements (contradictory or otherwise) connect him to the contraband found in the Cadillac driven by and under the control of another person. Even viewing the evidence in the light most favorable to the verdict, the quality of the evidence here is far too weak and the links too attenuated for a rational trier of fact to find beyond a reasonable doubt that Sayadeth knew of, or had control over, the contraband. Accordingly, we reverse the trial court's judgment finding Sayadeth guilty and render a judgment of acquittal because there is legally insufficient evidence affirmatively linking him to the contraband.

Bailey C. Moseley
Justice

Date Submitted:     November 9, 2010
Date Decided:       November 10, 2010

Do Not Publish