Jermaine Donte MURPHY, Appellant

v.

The STATE of Texas.

No. PD-1297-06.

Court of Criminal Appeals of Texas.

Nov. 7, 2007.

Jason D. Cassel, Longview, for Appellant.

David Colley, Assistant District Atty., Mt. Pleasant, Matthew Pail, State's Atty., Austin, for State.

## *OPINION*

JOHNSON, J., delivered the opinion of the unanimous Court.

On January 31, 2004, Charles Cannon, a Texas Department of Public Safety trooper, stopped appellant for speeding. Cannon testified that his radar registered appellant traveling eight miles over the speed limit. Cannon, however, informed appellant that he was not going to issue a speeding citation, but only a warning. As Cannon completed the warning citation, he asked appellant for consent to search appellant's vehicle because he detected the odor of marijuana coming from the vehicle. Cannon also testified that appellant consented to the search. While searching the vehicle, Cannon discovered: (1) a cigar containing marijuana in the vehicle console; (2) a small bag of marijuana inside a black luggage bag; and (3) approximately a kilogram of cocaine in a rear compartment of the vehicle. Cannon arrested appellant for possession of drug

paraphernalia[1] and possession of a controlled substance.[2] No speeding ticket was issued.

On November 17, 2004, appellant's charge of possession of drug paraphernalia was set for trial in the Justice of Peace Court, Precinct 1, of Titus County. Appellant waived his right to a jury trial. Both the state and appellant announced ready for trial. After conducting a bench trial, Judge Leo Schakel entered a final judgment of acquittal on the paraphernalia charge. In a written order, Judge Schakel stated that

[t]he State failed to produce evidence of speeding on January 31, 2004, that gave rise to the stop and search of the defendant and the vehicle he was driving. The State failed to produce evidence that the defendant consented to the search of the vehicle he was driving on January 31, 2004. Furthermore, the State failed to produce evidence that affirmatively linked the defendant with the alleged drug paraphernalia. Because there was no evidence produced that there was probable cause to stop the defendant, that the defendant consented to a search of his vehicle, or that affirmatively linked the defendant to the alleged drug paraphernalia, the defendant is hereby acquitted.

The state and appellant agreed that Cannon had failed to appear for trial in the justice court.

Prior to appellant's trial for possession of a controlled substance, appellant filed a Motion to Suppress Evidence and a Motion to Dismiss the Indictment based on collateral estoppel. On June 14, 2005, the trial court heard both motions. At the hearing, appellant introduced evidence of the final judgment of acquittal on the drug-paraphernalia charge. Appellant asserted that, based on the findings of facts in the final judgment of the justice court, collateral estoppel prohibited the state from introducing evidence of appellant's speeding or Cannon's probable cause to stop and detain appellant. The court overruled appellant's objection, and the state introduced the testimony of Judge Schakel and Cannon.

Cannon gave testimony to support the state's contention that there was probable cause to stop and detain appellant. On direct examination, Judge Schakel testified that he did not remember the particular case, but that it was his belief that the paraphernalia charge was dismissed because the officer did not appear. On cross examination, however, Judge Schakel testified that he held a bench trial on the paraphernalia charge and that the state

1. A person commits an offense if the person knowingly or intentionally uses or possesses with intent to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this chapter or to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. TEX. HEALTH & SAFETY CODE ANN. § 481.125(a) (Vernon 2003).

2. Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice. TEX. HEALTH & SAFETY CODE ANN. § 481.125(a) (Vernon 2003)

An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000, if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, 400 grams or more. TEX. HEALTH & SAFETY CODE ANN. § 481.125(f) (Vernon 2003).

presented no evidence to convict appellant on the charge. Following the pretrial hearing, the trial court denied the motion to suppress and the motion to dismiss the indictment.

Appellant subsequently plead guilty to the charge of possession of a controlled substance and preserved his right to appeal the trial court's ruling on the suppression motion and motion to dismiss the indictment. Appellant elected for a jury to assess his punishment, and the jury sentenced appellant to ten years in prison and fined him $5,000.00. Appellant filed a direct appeal. *Murphy v. State*, 200 S.W.3d 753 (Tex.App.-Texarkana 2006).

On appeal, appellant contended that the issue of whether Cannon legally detained Murphy was litigated in the justice court: the state announced ready, and in its final judgment, the justice court found that there was no evidence of speeding, and thus no probable cause to stop. The state argued that the issue of speeding was not litigated, the drug-paraphernalia case was dismissed, there was no final judgment, and the ruling on the motion to suppress was not an essential element of possession of a controlled substance.[3]

The court of appeals held that the state did not rebut the presumption that the justice court's judgment was valid, that the issue of reasonable suspicion was litigated, and that the judgment was final. *Murphy*, 200 S.W.3d at 760. Nevertheless, the court of appeals affirmed the trial court's ruling. *Id.* at 760–61. The court of appeals stated that collateral estoppel did not apply because the justice court's ruling on speeding was not a ruling on an essential element of possession of a controlled substance. *Id.* Appellant timely filed a peti-

tion for discretionary review, and this Court granted review.

## ANALYSIS

The doctrine of collateral estoppel is embodied within the Double Jeopardy Clause *of the Fifth Amendment*, which is applicable to the states through the Fourteenth Amendment. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); U.S. CONST. amend. V; U.S. CONST. amend. XIV. While double jeopardy protects a defendant against a subsequent prosecution for an offense for which the defendant has been acquitted, collateral estoppel deals only with relitigation of specific fact determinations. *See Reynolds v. State*, 4 S.W.3d 13, 19, 21 (Tex.Crim.App.1999); *see also Guajardo v. State*, 109 S.W.3d 456 (Tex.Crim.App. 2003). Collateral estoppel means "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit relating to the same event or situation." *Ashe*, 397 U.S. at 443, 90 S.Ct. 1189; *Ex Parte Taylor*, 101 S.W.3d 434, 440 (Tex.Crim.App.2002). In *Ashe*, the Supreme Court emphasized that

> the rule of collateral estoppel, in criminal cases, is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality.... The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States*, 332 U.S. 575, 579, 68 S.Ct. 237, 92 L.Ed. 180. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal pro-

---

3. We note that speeding was an issue only as to probable cause to stop, which was litigated, that the paraphernalia charge was litigated, not dropped, and that the judgment of acquittal is a final one.

ceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.

397 U.S. at 444, 90 S.Ct. 1189.

■ The scope of facts that were actually litigated determines the scope of the factual finding covered by collateral estoppel. *Guajardo*, 109 S.W.3d at 460; *Taylor*, 101 S.W.3d at 442. The very fact or point at issue in the pending case must have been determined in the prior proceeding. *Taylor*, 101 S.W.3d at 441. The defendant must meet the burden of proving that the facts in issue were necessarily decided in the prior proceeding. *Guajardo*, 109 S.W.3d at 460.

To determine whether collateral estoppel bars a subsequent prosecution or permits the prosecution but bars relitigation of certain specific facts, this court *has* adopted the two-step analysis employed by the Fifth Circuit. *See Neal v. Cain*, 141 F.3d 207, 210 (5th Cir.1998); *see also Taylor*, 101 S.W.3d at 440. This court stated that a court must determine (1) exactly what facts were necessarily decided in the first proceeding, and (2) whether those "necessarily decided" facts constitute essential elements of the offense in the second trial. *Taylor*, 101 S.W.3d at 440.

The first prong is fairly simple; the particular fact litigated in the first prosecution, in which a final judgment was entered, must be the exact fact at issue in the second prosecution. This prong is not at issue here. The second prong is less simple. The state argued, and the Sixth Court of Appeals agreed, that collateral estoppel did not bar the prosecution for possession of a controlled substance because the justice court's ruling on speeding was not a ruling on an essential element of the offense at issue in the second prosecution.

■ In applying the doctrine of collateral estoppel, its limitations must be kept in mind. Although collateral estoppel requires that the precise fact litigated in the first prosecution have arisen in the same transaction, occurrence, situation, or criminal episode that gave rise to the second prosecution, the fact litigated must also be an essential element of the subsequent offense.[4] *Taylor*, 101 S.W.3d at 440; *Neal*, 141 F.3d at 210. Specifically, if the necessarily decided fact litigated in the first prosecution constitutes an essential element framed within the second prosecution's offense, then the "essential element of the offense" prong is satisfied. *See Taylor*, 101 S.W.3d at 440.

In order to successfully prosecute appellant in separate trials for possession of drug paraphernalia and possession of a controlled substance, the state must first prove that reasonable suspicion or probable cause existed to stop appellant and that Cannon had probable cause to search the vehicle, or that appellant gave consent to search the vehicle prior to arrest. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). While these factors are important preliminary issues, they are merely issues of the admissibility of evidence and are not elements essential to

4. This premise is illustrated by *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). A number of men burst in on a group of poker players and robbed each one. In the first proceeding, the applicant was acquitted of robbery. After conviction in a second trial, he raised collateral estoppel in a writ of habeas corpus, asserting that the identity of the robbers had been litigated in the first trial and that the acquittal in that proceeding necessarily established that he was not one of the robbers. The Supreme Court granted relief, holding that the essential element of identity had been fully litigated in the first trial and had been resolved by the jury in applicant's favor; it could not, therefore, be relitigated in a subsequent prosecution arising from the same incident.

proving the commission of either offense—possession of a controlled substance or possession of drug paraphernalia. *See Neal*, 141 F.3d at 210; *see also Terry*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); U.S. CONST. amend. IV.

 In this case, the state undertook separate prosecutions for the drug-paraphernalia charge and the controlled-substance charge, but both prosecutions arose from one transaction. After a trial on the drug-paraphernalia charge, the justice court found, in a final judgment, that the state had failed to produce evidence (1) that appellant was speeding and thus had failed to prove that probable cause to stop appellant existed or (2) that appellant had consented to the vehicle search. While there is no bright-line or black-letter law that can resolve the issue of when collateral estoppel applies, collateral estoppel is inapplicable in this case. *Taylor*, 101 S.W.3d at 439; *see also United States v. Larkin*, 605 F.2d 1360, 1361 (5th Cir.1979), *modified on other grounds*, 611 F.2d 585 (5th Cir.1980). Although the findings of fact in the justice court's final judgment were important and ultimately foreclosed the state's ability to convict appellant in the first prosecution, these evidentiary findings did not relate to essential elements as to the possession of a controlled-substance charge.[5]

Applying collateral estoppel with respect to appellant's assertion in this case, thereby allowing a litigated fact that is merely evidentiary to act as if it were an essential element of the second offense, would overstep the doctrine's limits. *See Ashe*, 397 U.S. at 445, 90 S.Ct. 1189; *Neal*, 141 F.3d at 210.

Conclusion

Appellant has the burden of proving that collateral estoppel applies in this case. Based on the record, appellant has failed to meet this burden. The justice court entered a final judgment involving specific facts relating to both the possession of the drug-paraphernalia and the possession of a controlled substance. Nonetheless, these necessarily decided facts were pertinent only to the admissibility of evidence and did not constitute an essential element of the second prosecution's offense. The second prong of the collateral-estoppel analysis was, therefore, not satisfied.

We affirm the judgment of the court of appeals.

MEYERS, J., filed a concurring opinion in which KELLER, P.J., and PRICE and HERVEY, JJ., joined.

MEYERS, J., filed a concurring opinion, in which KELLER, P.J., and PRICE and HERVEY, JJ., joined.

I agree with the majority that collateral estoppel does not apply in this case. I write separately to further explain collateral estoppel in an attempt to clarify this confusing area of the law. Collateral estoppel prevents the State from relitigating a fact necessary to prove the elements of an offense. In such a situation, that fact has been established so as to bar relitigation of that same fact. And, it applies only to identical issues and only to the resolution of issues of ultimate fact. It does not apply to conclusions of law. Therefore, the question in a collateral estoppel determination is whether a particular fact has been found adversely to the State and

---

5. *Although some of the elements encompassed within the possession of a controlled-substance offense could have been litigated in the trial for the possession of drug-paraphernalia offense,* *the justice court did not enter a final judgment as to these essential elements. Therefore, they are not at issue in this case.*

whether the State is now trying to relitigate that exact same fact.

In the case before us, all the court determined at the trial for the possession of paraphernalia offense was that the State did not prove probable cause or consent, and the court made this determination based on the fact that the State did not offer any evidence because the officer did not show up at that trial. Thus, the judge did not make a credibility determination or determinations of historical facts, he merely determined that the State did not present any evidence that would show probable cause. The issue of ultimate fact in the first trial was whether Appellant possessed drug paraphernalia and the ultimate issue in this trial was whether Appellant possessed a controlled substance. The issue of whether the officer had probable cause is not an essential element of either offense, rather, it is merely evidentiary and relates only to the admissibility of other evidence. A finding of no probable cause to stop or no consent to search does not preclude a determination that Appellant possessed a controlled substance.

Unlike the question of whether Appellant was actually in possession of a controlled substance, the question of whether probable cause existed to stop Appellant and whether Appellant consented to the search depends upon the legal significance of the officer's observations at the time of the arrest. A jury can find at the trial for possession of a controlled substance that Appellant was guilty without contradicting the determination from the drug-paraphernalia trial that the State did not show that the officer had probable cause to stop Appellant or that Appellant consented to the search.

In *Neaves v. State,* we held that a finding in a suspension hearing of no probable cause for arrest does not preclude later prosecution for the offense because the offense may be proven by evidence independent of the arrest. 767 S.W.2d 784 (Tex.Crim.App.1989). The same reasoning applies here. Because the question of whether Appellant was in possession of a controlled substance is susceptible to proof by evidence not even relevant to establishing that probable cause existed to stop Appellant, the resolution of the latter issue in Appellant's favor cannot prevent the State from attempting to prove the former in a subsequent trial on the merits. Thus, while evidentiary facts relevant to proving probable cause may also be used later to establish that he was in possession of a controlled substance (such as that the officer detected the odor of marijuana emanating from the car), the issues of ultimate fact are different.

Because there is no contradiction between a determination that the State did not show probable cause to stop or consent to search and a determination that Appellant was in possession of a controlled substance; and because the State is not attempting to prove a fact that would lead to a finding of guilt (i.e., that Appellant committed the alleged offense of possession of a controlled substance) after once failing to prove that fact in a full hearing, I agree that collateral estoppel does not apply in this case. With these comments, I join the opinion of the majority.