Opinion filed July 3, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 3, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                      Nos. 11-08-00074-CR & 11-08-00075-CR

                                           __________

                                                              

          EX
PARTE MARGARET DEAN BERG A/K/A MARDEAN BERG

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                      Trial
Court Cause Nos. 07261-D & 07262-D

 



 

                                             M
E M O R A N D U M   O P I N I O N

These
are appeals pursuant to Tex. R. App.
P. 31 from the trial court=s
orders granting Margaret Dean Berg a/k/a Mardean Berg=s pretrial petitions for writ of habeas
corpus.  The State appeals.








Berg
was originally indicted in 2002 for unlawfully appropriating an amount between
$100,000 and $200,000 from Jim Taylor between May 5, 2000, and February 16,
2001.  In 2004, a jury found Berg not guilty.  In 2005, Berg was indicted for
unlawful appropriation and misapplication of fiduciary property from Jim Taylor[1]
and Bobbie Taylor[2] in the amount
of $200,000 or more between January 9, 1998, and April 27, 2000.  In 2006, Berg
filed petitions for writ of habeas corpus alleging that these indictments were
barred by double jeopardy.  The trial court denied the 2006 petitions, and this
court affirmed.  Berg v. State, Nos. 11-06-00092-CR &
11-06-00093-CR, 2006 WL 3746738  (Tex. App.CEastland
Dec. 21, 2006, pet. ref=d). 
In December 2007, Berg filed new petitions for writ of habeas corpus contending
that the present indictments were barred by the statute of limitations and by
the doctrine of collateral estoppel.[3]  Berg
withdrew her argument concerning the statute of limitations.  The trial court
granted the petitions finding that collateral estoppel prevented Berg=s prosecution under the
2005 indictments for her alleged activity between January 9, 1998, and April
27, 2000.

The
first question before this court is whether the State may appeal.  Berg argues
that no appeal may be taken by the State.  We disagree.  Tex. Code Crim. Proc. Ann. art.
44.01(a) (Vernon Supp. 2007) provides that the State may appeal an order where
the trial court Asustains
a claim of former jeopardy.@ 
Berg contends that the doctrine of collateral estoppel is not such Aa claim of former jeopardy.@  The State argues that the
doctrine of collateral estoppel is Aembodied@ within the doctrine of
double jeopardy.  By its definition, the doctrine of collateral estoppel
involves a claim of former jeopardy:  collateral estoppel Ameans simply that when an
issue of ultimate fact has once been determined by a valid and final judgment,
that issue cannot again be litigated between the same parties in any future
lawsuit.@  Ashe v.
Swenson, 397 U.S. 436, 443 (1970); Murphy v. State, 239 S.W.3d 791,
794 (Tex. Crim. App. 2007).  The State may appeal under Article 44.01(a), and
Berg=s contentions are
overruled.

The
State argues in its sole issue in each appeal that the trial court erred in
granting the petitions because the fact issue in the present indictments was
not determined in the 2004 jury trial on the 2002 indictments.  We addressed
this contention in Berg=s
2006 appeals and determined that neither double jeopardy nor collateral
estoppel applied.  Berg, 2006 WL 3746738. 

The
issue before the jury in the 2004 trial was whether the State had proved beyond
a reasonable doubt that Berg committed the offense alleged in the indictment: 
unlawful appropriation from Jim Taylor between May 5, 2000, and February 16,
2001.  The jury found that the State had not and acquitted Berg of the alleged
May 5, 2000 through February 16, 2001 appropriations.








The
present indictments involve not only the offense of unlawful appropriations but
also the offense of misapplication of fiduciary property against not only Jim
Taylor but also Bobbie Taylor from January 9, 1998, through April 27, 2000. 
These allegations do not involve the previously resolved fact issues:  the time
frame is different, misapplication is a different offense, and the allegations
regarding Bobbie Taylor constitutes a new complaint.  Berg, 2006 WL
3746738. 

The
issue is sustained, and the orders of the trial court are vacated.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 3, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Cause No. 11-08-00074-CR.





[2]Cause No. 11-08-00075-CR.





[3]A pretrial petition for writ of habeas corpus is an
appropriate means to raise a claim of collateral estoppel.  Ex parte Taylor,
101 S.W.3d 434, 439 (Tex. Crim. App. 2002).