COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-08-00056-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 210th District Court |
| ANDREW JAMES COTTO, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20070D02762) |
| | § | |

**O P I N I O N**

The State of Texas appeals the trial court's order dismissing the case against Andrew Cotto on grounds of collateral estoppel. We reverse.

**BACKGROUND**

Andrew Cotto, Roberto Corral, and Joseph Jones were indicted for manslaughter. After a jury acquitted Jones of the offense, Cotto filed a motion to dismiss the case against him based on collateral estoppel. According to his argument, because Jones, the principal actor, was acquitted, and because Cotto's trial would be based upon the same evidence and expert opinion surrounding the cause of death, the State's failure to prove death by homicide at Jones' trial collaterally estops the State from trying him for the same crime.

The evidence presented at Jones' trial was that Jones choked the victim while Corral held the victim's feet and Cotto held the victim's arms. Although the medical examiner initially testified that the cause of death was strangulation, he later testified that the victim suffered from asthma or some other respiratory condition, which the medical examiner could not rule out as also being the cause of death.

At the motion-to-dismiss hearing, Cotto argued that the jury's acquittal was a finding, based on the medical examiner's testimony, that the victim's death was not a homicide. Therefore, he asserted that because the evidence presented at Jones' trial showed that Jones, being the one that choked the victim, was the principal actor, and because Jones was acquitted of manslaughter, he could not also be prosecuted for manslaughter as a party, that is, for aiding and abetting Jones in committing the offense.

The State disagreed, noting that although the medical examiner testified that the cause of death was strangulation, the jury's acquittal was not a finding of no homicide: "According to [counsel] the jury says [the victim] didn't die by homicide. That's not what they said, they said they didn't find beyond a reasonable doubt that Joseph Jones is the one that killed [the victim]." The State also pointed out that Section 7.03 of the Texas Penal Code provides that it is no defense under the law of parties that the person for whose conduct the defendant is criminally responsible has been acquitted.[1] Finally, the State argued that because Cotto was not a party to Jones' prosecution, that is, that he had no right to control the litigation in Jones' trial or appeal from the judgment, collateral estoppel was inapplicable.

The trial court rejected the applicability of Section 7.03, noting that is an affirmative defense, not a bar to prosecution. He further rejected the State's same-party argument, noting that because Cotto was being prosecuted under the law of parties, he was the same party with regard to the same offense and could have been prosecuted in Jones' trial. The trial court then granted Cotto's motion and dismissed the case against him.

---

[1] Section 7.03 provides that "[i]n a prosecution in which an actor's criminal responsibility is based on the conduct of another, the actor may be convicted on proof of commission of the offense and that he was a party to its commission, and it is no defense . . . that the person for whose conduct the actor is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution." *See* TEX. PENAL CODE ANN. § 7.03(2) (Vernon 2003).

**DISCUSSION**

On appeal, the State contends that collateral estoppel does not bar Cotto's prosecution for manslaughter, despite Jones' acquittal, because Cotto was not a party to Jones' trial. We agree.

*Standard of Review*

Collateral estoppel is embodied within the double-jeopardy clause of the Fifth Amendment and only concerns the relitigation of specific factual determinations between the same parties. *Ashe v. Swenson*, 397 U.S. 436, 444-45, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Murphy v. State*, 239 S.W.3d 791, 794 (Tex. Crim. App. 2007). Simply, "[c]ollateral estoppel means 'that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit relating to the same event or situation.'" *Murphy*, 239 S.W.3d at 794 (quoting *Ashe*, 397 U.S. at 443).

As a criminal defendant cannot rely on collateral estoppel to bar relitigation of a particular fact in a subsequent proceeding unless he was a party to the previous proceeding, the dispositive issue here, therefore, is the same-parties component. *State v. Brabson*, 976 S.W.2d 182, 184 (Tex. Crim. App. 1998) (finding Department of Public Safety and District Attorney's Office not the same parties; thus, collateral estoppel did not bar District Attorney from litigating the issue of probable cause at a suppression hearing even though that same issue was previously litigated at the revocation-of-driver's-license hearing). Such is a question of law that we review *de novo*. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *State v. Ayala*, 981 S.W.2d 474, 477 (Tex. App.–El Paso 1998, pet. ref'd).

*Does Collateral Estoppel Bar Accomplice's Trial?*

*Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), is the controlling case on whether an accomplice may be tried for the same offense after the principal was

acquitted.  In that case, Standefer was accused of aiding and abetting a revenue official in accepting compensation beyond that authorized by law.  *Id*. at 11-12.  After the revenue official was acquitted of accepting unlawful payments, Standefer moved to dismiss the charges, arguing, on principles of collateral estoppel, that because the principal was acquitted, he could not be convicted of aiding and abetting that principal.  *Id*. at 13.  In rejecting this argument, the Supreme Court traced the origins of aiding and abetting, and found that there was "a clear intent to permit the conviction of accessories to federal criminal offenses despite the prior acquittal of the actual perpetrator of the offense."  *Id*. at 19.  The Court further noted that collateral estoppel would not bar the accomplice's trial because through lenity, compromise, or mistake the jury might have reached an irrational result in the prior trial, which was not subject to review at the government's instigation.  *Id*. at 21-23.  Although "symmetry of results may be intellectually satisfying, it is not required;" thus, the acquittal of a principal does not bar the conviction of an accomplice.  *Id*. at 25.

The Court of Criminal Appeals likewise rejected a similar complaint in *Ex parte Thompson*, 179 S.W.3d 549 (Tex. Crim. App. 2005).  There, Thompson contended that he was factually innocent of capital murder when a different jury found the principal guilty of only felony murder. *Id*. at 551-52.  In rejecting the argument, the Court noted that it "is well-established that one accomplice may be found guilty of a different, more serious offense than other accomplices," and that the acquittal of the principal does not prevent conviction of his accomplice, regardless of whether the acquittal of the principal occurs before or after the accomplice's trial.  *Id*. at 553-54.

In short, simply because Jones was acquitted of manslaughter does not bar the State from prosecuting Cotto for the same offense, using the same evidence.  *See United States v. Mollier*, 853 F.2d 1169, 1176 (5th Cir. 1988) (stating it is "consistent and lawful for one jury to acquit one defendant and another jury to convict a second defendant *on the very same evidence*," and that "the

jury is permitted to exercise leniency, so that it can even acquit a defendant whom it considers guilty of the crime as charged and convict another on the same crime") (emphasis in original). Rather, collateral estoppel would only bar such prosecution if Cotto was a party to the litigation in Jones' prosecution, an issue we reach below.

*Are the Parties the Same*?

The trial court ruled that because Cotto was a party to the offense, he was necessarily a party to Jones' prosecution. We disagree. As noted before, collateral estoppel forbids relitigation of an issue between *the same parties* that litigated the issue in a prior lawsuit. *See, e.g., Ashe*, 397 U.S. at 443; *Murphy*, 239 S.W.3d at 794; *Brabson*, 976 S.W.2d at 184. Whether collateral estoppel should apply therefore depends on whether the two cases involved the same parties. *See Moreno v. State*, 1 S.W.3d 846, 858 (Tex. App.–Corpus Christi 1999, pet. ref'd); *Ramirez v. State*, No. 14-04-00952-CR, 2005 WL 1690634, at *6 (Tex. App.–Houston [14th Dist.] July 21, 2005, pet. ref'd) (mem. op., not designated for publication).

Here, Cotto, although a party to the offense, was not a party to the litigation in the State's prosecution of Jones. The parties in that case were the State of Texas and Jones, whereas the parties in the trial yet to be had are the State and Cotto. Indeed, Cotto had no power to control the course of the proceedings in Jones' prosecution. *See Reynolds v. State*, 4 S.W.3d 13, 17 (Tex. Crim. App. 1999) (noting that the same party in the collateral-estoppel context connotes someone who had the power to control the course of the previous litigation). Because the parties are different, Cotto cannot claim collateral estoppel bars his trial based on Jones' acquittal. *See Moreno*, 1 S.W.3d at 858; *State v. Lovington*, No. 07-08-0313-CR, 2009 WL 3643529, at *2 (Tex. App.–Amarillo Nov. 4, 2009, no pet.) (mem. op., not designated for publication); *Ramirez*, 2005 WL 1690634, at *6 (cases rejecting collateral estoppel as a bar to subsequent prosecution for co-defendants under the

law of parties when those defendants were not the "same parties" involved in the previous litigation of the same crime). Accordingly, we sustain the State's sole issue.

## CONCLUSION

The trial court's order dismissing the case against Cotto is reversed, and the case is remanded for further proceedings.


GUADALUPE RIVERA, Justice

January 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Publish)