

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00213-CR

_____

ARNOLD NELSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 09F0313-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

With a search warrant in hand, SWAT officers, accompanying officers from the Bi-State Narcotics Task Force, knocked on the door of a suspected drug house owned by Adrian Jackson in Bowie County and announced their presence. When no one responded, a battering ram was used to gain entry into the residence. Once officers were inside, they found Arnold Nelson on or near the living room couch, six feet away from "a toilet paper roll"—containing 6.35 grams of crack cocaine worth approximately $700.00 to $800.00—on the living room floor. Officers also found an unidentified male in a back bedroom and an unidentified female in a bathroom attempting to dispose of a small amount of crack cocaine in the toilet.

A jury convicted Nelson of possessing cocaine in an amount of four grams or more but less than 200 grams. Pursuant to a plea of "true" to an enhancement allegation, Nelson was assessed a $10,000.00 fine and was sentenced to fifty years' incarceration in the Texas Department of Criminal Justice–Institutional Division. Nelson's sole point of error on appeal questions the legal and factual sufficiency of the evidence supporting his conviction. We affirm the trial court's judgment.

We no longer can address a factual-insufficiency claim. In a very recent plurality opinion, the Texas Court of Criminal Appeals found "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis*[1] factual-sufficiency standard, and these two

---

[1]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

standards have become indistinguishable." *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision). Further, a proper application of the *Jackson v. Virginia* legal-sufficiency standard is as exacting a standard as any factual-sufficiency standard. *See id.* at *11. In a concurring opinion, Judge Cochran pointed out that the United States Supreme Court has rejected a legal sufficiency test that requires a finding that "no evidence" supports the verdict because it affords inadequate protection against potential misapplication of the "reasonable doubt" standard in criminal cases. *Id.* at *16 (Cochran, J., concurring). Rather than meeting a mere "no evidence" test, legal sufficiency is judged not by the quantity of evidence, but by the quality of the evidence and the level of certainty it engenders in the fact-finder's mind. *Id.* at *17. Since the Texas Court of Criminal Appeals has now abolished factual-sufficiency review, we need not address Nelson's challenge to the factual sufficiency of the evidence.

In evaluating the legal sufficiency of the evidence supporting Nelson's conviction, we review the evidence, both properly and improperly admitted, in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of possession of more than four but less than 200 grams of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Based on the *Brooks* plurality's description of the new application of legal sufficiency review under *Jackson* as

3

"rigorous" and its statement that the use by reviewing courts of the factual sufficiency standard in tandem with the legal sufficiency standard may have "skewed" its proper application, it appears that the Court is attempting to refocus the application of the legal sufficiency standard from the quantity to the quality of the evidence presented. 2010 WL 3894613, at *14. We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

The sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Under a hypothetically correct jury charge, the State was required to prove that (1) Nelson exercised actual care, control, and management[2] over the cocaine; (2) in an amount of four grams or more but less than 200 grams; and (3) Nelson knew the substance in his possession was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Murphy v. State*, 200 S.W.3d 753, 761 (Tex. App.—Texarkana 2006), *aff'd*, 239 S.W.3d 791 (Tex. Crim. App. 2007); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)(d) (Vernon 2010).

Before the raid, neighbors had complained to police about drug activity at the residence and the "in-and-out traffic" at the house. The Bi-State Narcotics Task Force set up a daily

---

[2]"Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp. 2010).

surveillance of the residence for approximately two weeks and used confidential informants to obtain narcotics from various individuals inside the residence. Officers observed Nelson, who lived on the same street a few blocks away, at Jackson's residence "[p]retty much on a daily basis."

On the day of the raid, Nelson's "older blue pickup truck" was parked in the driveway. Once inside, officers found things as we stated above, with Nelson in close proximity to a significant quantity of crack cocaine.

Mere presence in the vicinity of a controlled substance is insufficient to show knowing possession. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). When combined with other direct or circumstantial evidence, however, proximity may be sufficient to establish beyond a reasonable doubt a person's possession of a controlled substance. *Id.* Where, as here, Nelson was not in exclusive possession of the place where the cocaine was found, additional independent facts and circumstances must be developed in order to raise a reasonable inference of Nelson's knowledge and control of the contraband. *Poindexter*, 153 S.W.3d at 406. This rule protects an innocent bystander from conviction merely because of proximity to someone else's drugs. *Evans*, 202 S.W.3d at 161–62.

The evidence linking Nelson to the cocaine "must establish, to the requisite level of confidence, that [Nelson's] connection with the drug was more than just fortuitous." *Poindexter*, 153 S.W.3d at 405–06. The following is a nonexclusive list of links that have been found to be sufficient, either singly or in combination, to establish a person's possession of contraband: (1)

the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) whether the contraband was in close proximity to, or accessible by, the defendant; (4) whether the place where the contraband was found was enclosed; (5) whether the defendant was under the influence of narcotics when arrested; (6) whether the defendant possessed other contraband or narcotics when arrested; (7) whether the defendant made incriminating statements when arrested; (8) whether the defendant attempted to flee; (9) whether the defendant made furtive gestures; (10) whether there was an odor of contraband present at the scene; (11) whether other contraband or drug paraphernalia were present; (12) whether the defendant owned or had a right to possess the place where the contraband was found; (13) whether the defendant was found with a large amount of cash; (14) whether the defendant possessed weapons; and (15) whether conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Hargrove v. State*, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref'd). The number of links is not dispositive; rather, we look to the "logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

Nelson was present when the search warrant on Jackson's residence was executed. His presence at the residence nearly every day for a period of two weeks, even when Jackson was not present, would allow the fact-finder to conclude he had a right to exercise care, custody, control, or management over Jackson's residence for certain periods of time. Although officers testified that the contraband was not in plain view, it was within approximately six feet of Nelson. Nelson was

6

the only person found in the same room as the cocaine, and the drugs were in close proximity to, and accessible by, him. Other contraband was present in the residence, although in the unidentified female's presence. The jury heard that the female was likely a user and that Nelson was likely a dealer. Officers testified that the living room table contained a box of plastic bags and a digital scale, items which, based on officers' experience, were used to deal drugs. The unemployed Nelson was found with $2,915.00 in his wallet, an amount consistent with dealing drugs, though his mother claimed that $2,500.00 of that sum belonged to her. No significant amount of money was found on the unidentified male or female. After Nelson's arrest, a canine unit alerted on Nelson's truck, and another digital scale was recovered. This evidence demonstrated links 1, 3, 6, 11, 12, and 13 from the above list.

Although officers did not claim there was an odor of contraband and Nelson was not under the influence of drugs when arrested, did not possess weapons, and did not make incriminating statements, furtive gestures, or any attempt to flee, we find the evidence sufficient for a rational, fact-finding jury to have found beyond a reasonable doubt that Nelson knowingly possessed cocaine in an amount of four grams or more but less than 200 grams. We overrule Nelson's sole point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

7

Date Submitted:    November 10, 2010
Date Decided:      November 12, 2010

Do Not Publish