

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00379-CR

LUIS REZA                                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Luis Reza appeals from a jury verdict convicting him of aggravated sexual assault after he had been previously convicted of aggravated sexual assault involving the same complainant. In two issues, he contends that his due process rights were violated because the State's actions raise an unrebutted presumption of prosecutorial vindictiveness and that the trial court erred by denying his special plea that the prosecution be barred. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Appellant was indicted on May 14, 2008 in cause number CR10917 for aggravated sexual assault of a child by digitally penetrating the sexual organ of the complainant. After a trial, a jury convicted appellant for that offense on February 11, 2009 and assessed his punishment at ten years' community supervision. Appellant did not appeal the conviction.

On March 4, 2009, a Hood County grand jury indicted appellant in cause number CR11199 for aggravated sexual assault by causing the complainant's female sexual organ to contact his mouth. While testifying in cause number CR10917, the complainant had described not only the digital penetration, but also that appellant had "started kissing [her] on [her] neck and went all the way down to [her] vagina" and "stuck his mouth there." She repeated that testimony at the trial in cause number CR11199. The jury in the latter case convicted appellant of aggravated sexual assault of a child and assessed his punishment at confinement for fifty years. He appeals that conviction and sentence.

## Double Jeopardy and Collateral Estoppel

In his second issue, appellant contends that the trial court erred by denying his special plea because the prosecution of the second case is barred by collateral estoppel, res judicata, and double jeopardy.[2] According to appellant, whether he caused the complainant's sexual organ to contact his mouth was

---

[2]We address appellant's second issue first because if it is resolved in appellant's favor, the first issue is moot.

"necessarily decided" in the first prosecution because the State elicited testimony at the first trial that appellant did so and thus "used both acts to convict him of penetrating the female sexual organ of the child." Appellant says the State presented "considerable evidence" regarding both acts and referred to both in closing arguments.

**Double Jeopardy**

Under section 22.021(a) of the penal code, causing the penetration of the sexual organ of a child younger than fourteen by any means and causing the sexual organ of a child younger than fourteen to contact the defendant's mouth are separate offenses, unless the circumstances of the latter offense are subsumed in the former offense during the same criminal episode. Tex. Penal Code § 22.021(a)(1), (b)(i), (iii) (Vernon 2003); *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that penile contact with mouth, genitals, or anus would be subsumed within offense of penile penetration); *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). This is so for double jeopardy purposes regardless of whether the prosecution for the separate offenses occurs in the same or multiple prosecutions. *See Gonzales v. State*, 304 S.W.3d 838, 846–49 (Tex. Crim. App. 2010).

In the first trial, the complainant testified that appellant kissed her from her neck to her vagina, put his mouth *on* her vagina,[3] and then stuck his finger *in* her

---

[3]Appellant does not raise the sufficiency of the evidence to prove contact in the second prosecution. Although the complainant was not a very young child

vagina afterwards. Thus, she testified to separate offenses. *See id*.; *Vick*, 991 S.W.2d at 833. Appellant argues that the Texas Court of Criminal Appeals's holdings that each subsection of Penal Code section 22.021 entails different and separate acts for double jeopardy purposes do "violence to the Fifth Amendment, the Texas Penal Code, and the Texas Code of Criminal Procedure." He contends that an essential difference between this case and *Vick* is that in *Vick* the defendant was acquitted before his subsequent indictment, but here, appellant was convicted and then indicted again. Therefore, appellant says, *Vick* erased the double jeopardy protections afforded by our state and federal constitutions.

The Court of Criminal Appeals has addressed double jeopardy arguments similar to appellant's and rejected them; we are bound by those decisions. *Gonzales*, 304 S.W.3d at 846–49; *Vick*, 991 S.W.2d at 833; *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2005, pet. ref'd).[4]

_____

when she testified in the second trial, we note that even adults often incorrectly use the word "vagina" to describe the external part of a female's genitalia. Regardless, it is clear from the complainant's testimony that she is referring to appellant's kissing her on her female sexual organ.

[4]Appellant also contends that the second prosecution is barred by res judicata. But "[t]he doctrine of res judicata serves the same basic purposes and principles in civil proceedings as double jeopardy does in the criminal context." *Ex parte Watkins*, 73 S.W.3d 264, 267 n.7 (Tex. Crim. App.), *cert. denied*, 537 U.S. 948 (2002). Therefore, our double jeopardy analysis disposes of appellant's res judicata argument.

**Collateral Estoppel**

Appellant also contends that even if the second prosecution is not barred by double jeopardy, it should be barred by collateral estoppel. Collateral estoppel means "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit relating to the same event or situation." *Murphy v. State*, 239 S.W.3d 791, 794 (Tex. Crim. App. 2007) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194 (1970)). The scope of facts that were actually litigated determines the scope of the factual finding covered by collateral estoppel. *Murphy*, 239 S.W.3d at 795. The very fact or point at issue in the pending case must have been determined in the prior proceeding. *Id*. The defendant must meet the burden of proving that the facts in issue were necessarily decided in the prior proceeding. *Id*.

To determine whether collateral estoppel bars a subsequent prosecution or permits the prosecution but bars relitigation of certain specific facts, the Court of Criminal Appeals has adopted the two-step analysis employed by the Fifth Circuit. *Id*.; *see Neal v. Cain*, 141 F.3d 207, 210 (5th Cir. 1998). A court must determine (1) exactly what facts were necessarily decided in the first proceeding, and (2) whether those "necessarily decided" facts constitute essential elements of the offense in the second trial. *Murphy*, 239 S.W.3d at 795. Although collateral estoppel requires that the precise fact litigated in the first prosecution have arisen in the same transaction, occurrence, situation, or criminal episode

that gave rise to the second prosecution, the fact litigated must also be an essential element of the subsequent offense. *Id*. Specifically, if the necessarily decided fact litigated in the first prosecution constitutes an essential element framed within the second prosecution's offense, then the "essential element of the offense" prong is satisfied. *Id*.

Here, although the complainant testified about both offenses at both trials, nothing in the record indicates that the jury in the first case necessarily decided whether appellant made his mouth contact her sexual organ. The charge instructed the jury to find appellant guilty if it unanimously found that he penetrated the complainant with his finger; it did not include any instructions about mouth-to-genital contact. In addition, although appellant suggests that the prosecution relied heavily on the mouth-to-genital contact in the first prosecution, the complainant's direct testimony of what appellant did to her spans only six pages and also consists of her testimony that he attempted to penetrate her with his penis and that he made her hold his penis.[5] The prosecutor did mention the mouth-to-genital contact in his closing argument in the first case but on only one page, along with the other described acts, and in response to the defense's allegation that the complainant was making the whole story up.

Appellant cites *Gongora v. State* as a factually similar case, but it is distinguishable. 916 S.W.2d 570 (Tex. App.—Houston [1st Dist.] 1996, pet.

---

[5]The complainant gave basically the same account in the second case, but that testimony was more detailed and covered approximately fourteen pages.

ref'd). Gongora was convicted of delivery of at least four grams of a controlled substance based on a buy by police officers who had negotiated for five kilos of cocaine. *Id*. at 572–73. Appellant brought one brick into an apartment to show the officers, and the officers later found another brick in Gongora's truck; both bricks were admitted into evidence in the delivery trial, and the prosecutor used the weights of both bricks to establish that the total amount possessed was more than four hundred grams. *Id*. The First District Court of Appeals held that Gongora could not subsequently be prosecuted for possession of the second brick with intent to deliver because "the State presented both bricks as part of the offense of delivery for which appellant was being tried." *Id*. at 577. Here, however, the State did not present the mouth-to-genital contact and digital penetration as the same offense although the complainant did describe the acts as part of one criminal episode.

We conclude and hold that the mouth-to-genital contact was not necessarily decided in the first case and therefore that the prosecution in the second case was not barred by collateral estoppel. We overrule appellant's second issue.

## Prosecutorial Vindictiveness

Appellant contends in his first issue that the State prosecuted him in CR11199, the second case, in retaliation for appellant's exercising his constitutional right to a jury trial in the first case; according to appellant, the State

7

prosecuted him for the second offense because it was displeased that the first jury assessed a probated sentence rather than a term of confinement.

Due process protects defendants from prosecutorial vindictiveness. *Blackledge v. Perry*, 417 U.S. 21, 28–29, 94 S. Ct. 2098, 2102–03 (1974). As the Court of Criminal Appeals has explained,

> [A] decision to prosecute violates due process when criminal charges are brought in retaliation for the defendant's exercise of his legal rights. Thus, the Supreme Court has held that, *under specific, limited circumstances*, the presumption that a prosecution is undertaken in good faith gives way to either a rebuttable presumption of prosecutorial vindictiveness or proof of actual vindictiveness.

> A constitutional claim of prosecutorial vindictiveness may be established in either of two distinct ways: 1) proof of circumstances that pose a "realistic likelihood" of such misconduct sufficient to raise a "presumption of prosecutorial vindictiveness," which the State must rebut or face dismissal of the charges; or 2) proof of "actual vindictiveness"—that is, direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right.

> Under the first prong, if the State pursues increased charges or an enhanced sentence after a defendant is convicted, exercises his legal right to appeal, and obtains a new trial, the Supreme Court has found a presumption of prosecutorial vindictiveness. *In the very few situations in which this presumption does apply*, it can be overcome by objective evidence in the record justifying the prosecutor's action. The defendant must prove that he was convicted, he appealed and obtained a new trial, and that the State thereafter filed a greater charge or additional enhancements. The burden then shifts to the prosecution to come forward with an explanation for the charging increase that is unrelated to the defendant's exercise of his legal right to appeal. The trial court decides the issue based upon all of the evidence, pro and con, and the credibility of the prosecutor's explanation.

8

Under the second prong, when the presumption does not apply, the defendant may still obtain relief if he can show actual vindictiveness. To establish that claim, a defendant must prove, with objective evidence, that the prosecutor's charging decision was a "direct and unjustifiable penalty" that resulted "solely from the defendant's exercise of a protected legal right." Under this prong, the defendant shoulders the burden of both production and persuasion, unaided by any legal presumption. Once again, the trial judge decides the ultimate factual issue based upon the evidence and credibility determinations.

Under either prong, "[i]f the defendant is unable to prove actual vindictiveness or a realistic likelihood of vindictiveness, a trial court need not reach the issue of government justification." That is, the State may stand mute unless and until the defendant carries his burden of proof under either prong.

*Neal v. State*, 150 S.W.3d 169, 173–75 (Tex. Crim. App. 2004) (citations omitted) (emphasis added).

The rationale behind the vindictiveness presumption is that by bringing more serious charges after a successful appeal, a prosecutor could chill the defendant's exercise of the right to appeal. *Blackledge*, 412 U.S. at 29, 94 S. Ct. at 2103; *Woodson v. State*, 777 S.W.2d 525, 529 (Tex. App.—Corpus Christi 1989, pet. ref'd). However, the rationale behind the presumption does not apply if the bringing of more serious charges would not work to chill the defendant's exercise of a statutory or constitutional right. *Woodson*, 777 S.W.2d at 529; *see Castleberry v. State*, 704 S.W.2d 21, 27–28 (Tex. Crim. App. 1984).

Appellant acknowledges that this case does "not fit neatly with most prosecutorial vindictiveness cases." However, he claims that he at least raised a presumption of prosecutorial vindictiveness, which the State did not rebut. In

9

*Chaffin v. Stynchcombe*, a sentencing vindictiveness case, the Supreme Court refused to apply the presumption when a second jury imposed a greater sentence in a retrial than had a prior jury. 412 U.S. 17, 32–35, 93 S. Ct. 1977, 1985–87 (1973). The Court held that the second jury had no stake in the outcome of the second trial's being different from the first, as it did not know the length of the first sentence. *Id*. at 26–27, 93 S. Ct. at 1982–84.

Although this is not a resentencing case, the same principle applies here. The State had no way of knowing when it initially charged appellant whether he would seek a jury trial or bench trial. And appellant did not bring forward any evidence regarding the terms of offered and rejected plea deals, if any, that would show the length of sentence the State was willing to bargain for or that the State was willing to forego any additional charges. Thus, there is nothing to indicate that future appellants in the same situation would be deterred from seeking a jury trial by the possibility that the State would charge a new, separate offense after the jury's verdict. Although constrained by concerns about allocation of resources, the State would have been just as free to pursue charges on the new, separate offense even if appellant had received the maximum punishment in the first case.

Moreover, we agree with the reasoning of the Fourteenth Court of Appeals that an appellant's exercising his right *not* to appeal a probated sentence does not raise a presumption of prosecutorial vindictiveness when the State later charges and convicts that appellant of a new, separate offense arising out of the

10

same transaction. *Williams v. State*, No. 14-08-01079-CR, 2010 WL 3307456, at *4 (Tex. App.—Houston [1st Dist.] Aug. 24, 2010, pet. ref'd) (mem. op., not designated for publication). We conclude and hold that the facts of this case do not warrant such a presumption and that the trial court did not abuse its discretion by concluding that the evidence did not show actual vindictiveness by the State. Accordingly, we overrule appellant's first issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 7, 2011

11