In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00213-CR

                                                ______________________________

 

 

                                        ARNOLD NELSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 09F0313-202

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            With a
search warrant in hand, SWAT officers, accompanying officers from the Bi-State
Narcotics Task Force, knocked on the door of a suspected drug house owned by
Adrian Jackson in Bowie County and announced their presence.  When no one responded, a battering ram was
used to gain entry into the residence. 
Once officers were inside, they found Arnold Nelson on or near the
living room couch, six feet away from “a toilet paper roll”—containing 6.35
grams of crack cocaine worth approximately $700.00 to $800.00—on the living
room floor.  Officers also found an
unidentified male in a back bedroom and an unidentified female in a bathroom attempting
to dispose of a small amount of crack cocaine in the toilet. 

            A jury
convicted Nelson of possessing cocaine in an amount of four grams or more but
less than 200 grams.  Pursuant to a plea
of “true” to an enhancement allegation, Nelson was assessed a $10,000.00 fine
and was sentenced to fifty years’ incarceration in the Texas Department of Criminal
Justice–Institutional Division.  Nelson’s
sole point of error on appeal questions the legal and factual sufficiency of
the evidence supporting his conviction. 
We affirm the trial court’s judgment.

            We no longer
can address a factual-insufficiency claim. 
In a very recent plurality opinion, the Texas Court of Criminal Appeals
found “no meaningful distinction between the Jackson v. Virginia legal-sufficiency standard and the Clewis[1]
factual-sufficiency standard, and these two standards have become indistinguishable.”  Brooks
v. State, No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim. App. Oct. 6,
2010) (4-1-4 decision).  Further, a
proper application of the Jackson v.
Virginia legal-sufficiency standard is as exacting a standard as any
factual-sufficiency standard.  See id. at *11.  In a concurring opinion, Judge Cochran
pointed out that the United States Supreme Court has rejected a legal
sufficiency test that requires a finding that “no evidence” supports the
verdict because it affords inadequate protection against potential
misapplication of the “reasonable doubt” standard in criminal cases.  Id.
at *16 (Cochran, J., concurring).  Rather
than meeting a mere “no evidence” test, legal sufficiency is judged not by the
quantity of evidence, but by the quality of the evidence and the level of
certainty it engenders in the fact-finder’s mind.  Id.
at *17.  Since the Texas Court of
Criminal Appeals has now abolished factual-sufficiency review, we need not
address Nelson’s challenge to the factual sufficiency of the evidence.

            In
evaluating the legal sufficiency of the evidence supporting Nelson’s conviction,
we review the evidence, both properly and improperly admitted, in the light
most favorable to the jury’s verdict to determine whether any rational jury
could have found the essential elements of possession of more than four but
less than 200 grams of cocaine beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Sanders
v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Hartsfield v. State, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010,
pet. ref’d) (citing Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). 
Based on the Brooks plurality’s
description of the new application of legal sufficiency review under Jackson as “rigorous” and its statement
that the use by reviewing courts of the factual sufficiency standard in tandem
with the legal sufficiency standard may have “skewed” its proper application,
it appears that the Court is attempting to refocus the application of the legal
sufficiency standard from the quantity to the quality of the evidence
presented.  2010 WL 3894613, at *14.  We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the jury “to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.” 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson,
443 U.S. at 318–19).  

            The
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Under a hypothetically correct jury charge,
the State was required to prove that (1) Nelson exercised actual care,
control, and management[2]
over the cocaine; (2) in an amount of four grams or more but less than 200
grams; and (3) Nelson knew the substance in his possession was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Murphy v. State, 200 S.W.3d 753, 761 (Tex. App.—Texarkana 2006), aff’d, 239 S.W.3d 791 (Tex. Crim. App. 2007);
see Tex.
Health & Safety Code Ann. § 481.115(a)(d) (Vernon 2010). 

            Before
the raid, neighbors had complained to police about drug activity at the
residence and the “in-and-out traffic” at the house.  The Bi-State Narcotics Task Force set up a
daily surveillance of the residence for approximately two weeks and used
confidential informants to obtain narcotics from various individuals inside the
residence.  Officers observed Nelson, who
lived on the same street a few blocks away, at Jackson’s residence “[p]retty
much on a daily basis.”  

            On the day
of the raid, Nelson’s “older blue pickup truck” was parked in the
driveway.  Once inside, officers found
things as we stated above, with Nelson in close proximity to a significant
quantity of crack cocaine.

            Mere
presence in the vicinity of a controlled substance is insufficient to show
knowing possession.  Evans v. State, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006).  When combined with other direct or
circumstantial evidence, however, proximity may be sufficient to establish
beyond a reasonable doubt a person’s possession of a controlled substance.  Id.  Where, as here, Nelson was not in exclusive
possession of the place where the cocaine was found, additional independent
facts and circumstances must be developed in order to raise a reasonable
inference of Nelson’s knowledge and control of the contraband.  Poindexter,
153 S.W.3d at 406.  This rule protects an
innocent bystander from conviction merely because of proximity to someone else’s
drugs.  Evans, 202 S.W.3d at 161–62.

            The evidence
linking Nelson to the cocaine “must establish, to the requisite level of
confidence, that [Nelson’s] connection with the drug was more than just
fortuitous.” Poindexter, 153 S.W.3d
at 405–06.  The following is a
nonexclusive list of links that have been found to be sufficient, either singly
or in combination, to establish a person’s possession of contraband:  (1) the defendant’s presence when a search is
conducted; (2) whether the contraband was in plain view; (3) whether the
contraband was in close proximity to, or accessible by, the defendant; (4)
whether the place where the contraband was found was enclosed; (5) whether the
defendant was under the influence of narcotics when arrested; (6) whether the
defendant possessed other contraband or narcotics when arrested; (7) whether
the defendant made incriminating statements when arrested; (8) whether the
defendant attempted to flee; (9) whether the defendant made furtive gestures;
(10) whether there was an odor of contraband present at the scene;
(11) whether other contraband or drug paraphernalia were present; (12)
whether the defendant owned or had a right to possess the place where the
contraband was found; (13) whether the defendant was found with a large amount
of cash; (14) whether the defendant possessed weapons; and (15) whether conduct
of the defendant indicated a consciousness of guilt.  Evans,
202 S.W.3d at 162 n.12; Hargrove v. State,
211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pet. ref’d).  The number of links is not dispositive;
rather, we look to the “logical force of all of the evidence, direct and
circumstantial.”  Evans, 202 S.W.3d at 162.

            Nelson was
present when the search warrant on Jackson’s residence was executed.  His presence at the residence nearly every
day for a period of two weeks, even when Jackson was not present, would allow
the fact-finder to conclude he had a right to exercise care, custody, control,
or management over Jackson’s residence for certain periods of time.  Although officers testified that the
contraband was not in plain view, it was within approximately six feet of
Nelson.  Nelson was the only person found
in the same room as the cocaine, and the drugs were in close proximity to, and
accessible by, him.  Other contraband was
present in the residence, although in the unidentified female’s presence.  The jury heard that the female was likely a
user and that Nelson was likely a dealer. 
Officers testified that the living room table contained a box of plastic
bags and a digital scale, items which, based on officers’ experience, were used
to deal drugs.  The unemployed Nelson was
found with $2,915.00 in his wallet, an amount consistent with dealing drugs,
though his mother claimed that $2,500.00 of that sum belonged to her.  No significant amount of money was found on
the unidentified male or female.  After
Nelson’s arrest, a canine unit alerted on Nelson’s truck, and another digital
scale was recovered.  This evidence
demonstrated links 1, 3, 6, 11, 12, and 13 from the above list.

            Although
officers did not claim there was an odor of contraband and Nelson was not under
the influence of drugs when arrested, did not possess weapons, and did not make
incriminating statements, furtive gestures, or any attempt to flee, we find the
evidence sufficient for a rational, fact-finding jury to have found beyond a
reasonable doubt that Nelson knowingly possessed cocaine in an amount of four
grams or more but less than 200 grams. 
We overrule Nelson’s sole point of error.

            We affirm the trial court’s
judgment.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          November
10, 2010    

Date Decided:             November
12, 2010

 

Do Not Publish

 

 

 











[1]Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996).

 





[2]“Possession”
is defined as “actual care, custody, control, or management.”  Tex.
Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2010).